CHANCERY.                    **Whitsell** *vs* **Whitsell.**

*Case* 16.              ERROR TO THE HOPKINS CIRCUIT.

                       *Alimony.    Maintenance.    Evidence.*

*December* 13.    JUDGE SIMPSON delivered the opinion of the Court.

Case stated.         HULDAH WHITSELL having instituted a suit in chan-
                cery against her husband, for alimony, gave him no-
                tice of the time of an intended application by her to the
                Court, for an order on him to pay her a sum sufficient
                for her support and maintnance for one year.   On the
                trial of the motion, after proof of the destitute condi-
                tion of the complainant, and that her husband had made
                no suitable provision for her, and of the amount and
                value of his estate, the defendant offered to read the
                depositions of various individuals, in relation to her
                right to alimony.   The evidence was rejected by the
                Court, and an order made for an allowance to the com-
                plainant, of one hundred dollars, for one year.   To that
                order this writ of error, with supersedeas, is prosecu-
                ted; and the only question is, did the Court err in re-
                jecting the evidence offered by the defendant.

                       The act of 1831, on this subject, (1 *Stat. Law*, 126,)
On a motion to    makes it the duty of the Court, without any regard to
make an allow-
ance to the wife  the merits of the controversy, to provide a support for
for her support   the wife during its pendency.   This duty is imperative
during the pen-
dency of a suit   on the Court, and for its discharge, admits an inquiry
for alimony, the
only proper en-   alone in relation to the amount of the husband's estate,
quiry is, into the
circumstances of  and whether or not the wife is suitably provided for by
the husband.  It
is the imperative him.   The·Court therefore did not err in rejecting the
duty of the Court evidence offered by the defendant.   On the trial of a
to make a provi-
sion, if the wife motion of this kind, the defendant may show that he
is not suitably
provided, unless  has made a suitable provision for his wife.   There is
the wife be liv-
ing in adultery;  but one other ground upon which, under the statute, he
evidence to other can rely, to defeat the motion: that is, that the wife is
points will not,
therefore, be ad- living in adultery.   No evidence was offered to estab-
missible on such
motion.           lish this defence.   The rejected evidence was intended
                to show that the separation between her and her hus-

band, was the result of her ungovernable temper. This evidence was clearly inadmissible.

Wherefore, the order is affirmed.

*Arnold* for plaintiff.