## Kelly v. Kelly.

(Decided March 1, 1918.)

### Appeal from Boyd Circuit Court.

1. Husband and Wife—Alimony—Maintenance.—In an action for alimony brought by the wife against the husband the former is entitled to such an allowance for her maintenance pendente lite as may comport with her station in life and with the financial ability of her husband to pay same.

2. Husband and Wife—Alimony—Maintenance.—In fixing the amount of such an allowance the elements to be considered by the court are: (1) The size of the husband's estate and its productiveness; his income and earning capacity. (2) The wife's age, health, dependence and the station in life in which her marriage to the husband placed her. (3) If there are children and they are wholly or in part in the custody of the wife, though the husband be charged with their maintenance, the allowance should include some amount, however slight, which, though not actually required for their maintenance, the wife's motherly love may prompt her to expend in furtherance of their happiness and which, if so expended, would be of no hurt to their proper training or well being. (4) The particular cause that induced the wife to sue for the alimony.

3. Husband and Wife—Alimony—Allowance—Appeal and Error.— An appeal may be taken from a decree making an allowance to support the wife pending the action. As the order possesses all the essential elements of a final judgment and may be enforced by rule or execution, it is in every respect independent of the final determination of the court as to the rights of the parties in regard to the question of alimony.

4. Husband and Wife—Alimony—Pendente Allowance.—Upon the facts of this case a pendente lite allowance of $250.00 per month to the wife, the use free of rent of the family residence, and $100.00 for expense money in preparing the case for trial are held reasonable.

JOHN W. WOODS for appellant.

GEORGE B. MARTIN and BERTRAM O. BECKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming in part, and reversing in part.

This action was brought by the appellant, Ethylwyn B. Kelly, against her husband, I. Austin Kelly, to recover alimony; it being alleged in the petition that they were married June 12, 1900, and lived together as man and wife from that time until the 26th day of June, 1915, when the appellee, without any fault upon the part of the appellant or any just or reasonable cause for so doing, abandoned her and has since, and for more than a year prior to the institution of the action, refused to live with her or to make proper provision for her support. It is also alleged in the petition that appellee is the owner of a large estate consisting of both real and personal property from which he derives a large income; and that he in addition earns large salaries and that the appellant has no estate and no income. A divorce is not asked, but, in addition to the recovery of alimony, the prayer of the petition asked that appellant be allowed as against the appellee, and that he be required to pay her, such an amount monthtly as will be required for her maintenance pending the action; and such additional amount as will necessarily be required to prepare the action for trial and judgment. Appellant and appellee have two sons, twins, about fourteen years of age, who, when not away from home at school, reside with their mother, though maintained by the father.

Annexed to the petition were numerous interrogatories propounded to the appellee for the purpose of eliciting such information as might enable the court to ascertain the character and value of his estate, as well as the income arising therefrom. The appellee filed an answer denying that his abandonment of plaintiff was without fault on her part or that he did not have just or reasonable cause for abandoning her; and also denying that he had refused to make proper provision for her support. The answer contained specific responses to each of the interrogatories propounded by the petition of the appellant.

Soon after the institution of the action appellant entered a motion, supported by the affidavits of various persons, for a *pendente lite* allowance of $250.00 per month for her support, and for $500.00, claimed to be necessary to pay expenses she would incur in taking proof and otherwise preparing her case for trial, which

motion was resisted by appellee. Upon the hearing of the motion the circuit court allowed her $175.00 per month, to be paid by appellee during the pendency of the action and $100.00 for use in preparing the case for trial. After entering this order, and during the same term, the court made and entered an amended order reducing the allowance of $175.00 per month for her maintenance to $135.00, by reason of charging her $40.00 per month for the family residence in Ashland, which she and the two children of her self and appellee are occupying as a home. To so much of the first order as refused to allow appellant $250.00 per month for maintenance and $500.00 for the preparation of her case for trial, and to the amended order cutting down the allowance as above indicated, she excepted and prayed an appeal to this court, which was granted. So, by the appeal, we are asked to review the action of the circuit court with respect to the rulings referred to and to order an increased allowance dated from the time appellant's motion for the allowance was made.

Although the case was not finally determined in the court below, we are of opinion that the appellant has the right to appeal from the orders referred to. At any rate, it seems to have been so decided in Lochnane v. Lochnane, 78 Ky. 468, and Campbell v. Campbell, 21 R. 20.

In the first case we said:

"That an appeal may be taken from a decree making an allowance to support the wife pending the suit for divorce cannot be questioned. It possess all the essential elements of a final judgment and it may be enforced by rule or execution and is in every respect independent of the final determination of the court as to the rights of the parties in regard to the question of divorce."

In Campbell v. Campbell, *supra,* we also said:

"On the motion affidavits may be read. This court has decided in Lochnane v. Lochnane, 78 Ky. 486, that the husband has the right to maintain an appeal from the judgment making the wife an allowance pending the suit. So far as we are aware the court has never passed upon the question as to the right of the wife to appeal from the judgment of the court refusing such an allowance. This court is of the opinion that she has such a right." Civil Code, section 424, provides:

"During the pendency of an action for divorce or alimony, the court may allow the wife maintenance and enforce the payment thereof by orders and executions

and proceedings as in cases of contempt." In 21 Cyc. 1604, it is declared:

"It is the general rule that in an action for separate maintenance a temporary allowance of alimony may be made and their may also be added an order for counsel fees to·a reasonable amount."

The rule thus stated in Cyc. seems to be recognized throughout this country and the courts invariably hold that where the fact of marriage, the wife's necessities and the husband's facilities are shown by adequate pleadings and proof, temporary alimony may be allowed in accordance with the facts in each case, the question whether such allowance should be made and the amount thereof being always within the sound discretion of the court.

In fixing· the amount of such an allowance as was here asked by the wife there are various elements to be considered by the court. Among these are: (1) The size of the husband's estate and its productiveness; his income and earning capacity. (2) The wife's age, health, dependence, the cost of her maintenance and the station in life in which her marriage to the husband placed her. (3) If there are children and they are wholly, or in part, in the custody of the wife, though the husband be charged with their maintenance, the allowance should include some amount, however slight, which, though not actually required for their maintenance, the wife's motherly love may prompt her to expend in furtherance of their happiness and which, if so expended, would be of no hurt to their proper training or well being. (4) The particular cause that induced the wife to sue for the alimony.

From all these things the court, in the exercise of a sound discretion, should make the necessary allowance for the maintenance of appellant pending the litigation. It appears from the affidavits of appellant's witnesses, which are uncontradicted, that she is wholly without property or means of any kind and that $250.00 per month, in addition to the right to occupy the family residence in Ashland, will be required to maintain appellant in such manner as will comport with her station in life. Moreover, the answers made by appellee to the interrogatories propounded by appellant, conclusively show that he is the owner of real estate and other property of the value, at the lowest estimate, of at least $125,000 or $150,000, from the profits of which and the salaries that he re-

ceives, he obtains and enjoys an annual income of from $30,000 to $40,000. In view of this evidence we are of opinion that $250.00 per month would not have been and is not an unreasonable allowance for the support of appellant during the pendency of the action, in addition to the use of the family residence in Ashland free of rent; therefore, we think the *pendente lite* allowance should have been fixed by the court at $250.00 per month. We are unable, however, to find any fault with the action of the circuit court in limiting to $100.00 the allowance made appellant for use in preparing the case for trial. In the absence of a definite showing as to the costs attending such preparation, the amount necessary to defray same could not have been anticipated or even approximately ascertained or fixed by the circuit court. Moreover, as that court will retain control of the case until it is finally disposed of, it can, in the event the costs accruing in its preparation should exceed $100.00, make additional allowances from time to time for paying such costs and compel appellee to satisfy the same. We, therefore, conclude that the ruling of the circuit court in refusing to allow the $500.00 asked by appellant to defray the expense of preparing her case for trial and in limiting the amount to be used for that purpose to $100.00, was not error.

For the reasons indicated, the orders or judgments of the circuit court complained of are affirmed insofar as same refused to allow appellant by way of costs in the preparation of her case for trial $500.00, and in restricting the allowance for that purpose to $100.00, but reversed insofar as they refused an allowance of $250.00 per month to appellant for her support *pendente lite,* and the use of the family residence in Ashland free of rent; and the cause is remanded with direction to the circuit court to enter such a judgment as will conform to the opinion.