## Brandenburg v. Brandenburg.

(Decided Dec. 16, 1932.)

S. JEWELL RICE and GEORGE T. ROSS for appellant.

BURNAM & GREENLEAF for appellee.

Opinion of the Court by Judge Rees—Affirming.

The appellant and plaintiff below, Nell P. Brandenburg, on December 3, 1931, brought this action for divorce against her husband, W. B. Brandenburg, in the Madison circuit court. She alleged in her petition that the defendant was indebted to her in the sum of $5,610, for which she asked judgment. She also asked for an allowance pendente lite of $150 a month and permanent alimony in the sum of $15,000. She averred

that the defendant was about to sell, convey, or conceal his property with the fraudulent intent to defeat her claim, and asked for a general order of attachment.

An order of attachment was issued by the clerk on the day the petition was filed, and a motion to discharge the attachment was sustained after a hearing on December 9, 1931. On December 10, 1931, the plaintiff filed an amended petition, and a second order of attachment was issued by the clerk. The defendant filed a motion to discharge the second attachment, and his motion was sustained on December 19, 1931.

On December 28, 1931, an order for maintenance pendente lite was entered, in which it was provided that the plaintiff should receive monthly payments of $30 each, beginning December 21, 1931, or that she should retain possession of the dwelling then occupied by her, at her option, until a day in the February term of the court to be designated by the court for a final hearing of the case. The plaintiff elected to retain possession of the dwelling, and the case was later assigned for hearing on February 13, 1932. On that day the plaintiff announced not ready for trial on account of the absence of an indispensable witness, and, on her motion, the case was reassigned to a later date. When the case was again called for trial, the plaintiff was ill, and moved for a continuance, which was granted. On March 5, 1932, an order for maintenance pendente lite was entered which provided that the plaintiff might continue to occupy the house owned by her husband until March 19, 1932, and that thereafter the defendant should pay to her the sum of $30 each month until such further orders as the court might enter at the May, 1932, term of the court. The plaintiff excepted to this order and prayed an appeal to this court, which was granted, and it is the appeal from that order which is now before us.

The right of a litigant to appeal from an order for maintenance pendente lite is questioned, but the right to appeal from such an order is firmly established. Kelly v. Kelly, 179 Ky. 586, 200 S. W. 925; Campbell v. Campbell, 50 S. W. 849, 21 Ky. Law Rep. 19; Lochnane v. Lochnane, 78 Ky. 467; Whitsell v. Whitsell, 8 B. Mon. 50; Blackburn v. Blackburn, 198 Ky. 12, 247 S. W. 1111.

The record discloses that evidence was heard on the question of temporary alimony, but that evidence has not been brought to this court. All that we have before us are the pleadings, and they are sufficient to sustain the ruling of the circuit court. Where evidence is heard by the circuit court, and that evidence is not brought to this court on appeal, it will be presumed that the evidence supports the finding of the trial court. Lewis v. Kash, 239 Ky. 117, 38 S. W. (2d) 978; Wilson v. Trent, 238 Ky. 551, 38 S. W. (2d) 429; Johns Run Coal Company v. Little Fork Coal Company, 223 Ky. 230, 3 S. W. (2d) 623; Sebree v. Henderson, 205 Ky. 524, 266 S. W. 53; Clark v. Burchett, 204 Ky. 153, 263 S. W. 746; Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371.

In the last-cited case Annie L. Dalton had obtained a divorce from her husband, F. R. Dalton, and he had been directed to pay her $65 a month for the support of herself and children until further order of the court. After complying with the order for a number of years, he made application upon notice to have the amount reduced. Upon the trial of this motion, oral testimony was heard in addition to the affidavits which had been filed. The trial judge dismissed the application, and the applicant appealed. He failed to make the oral testimony heard in the circuit court a part of the record, and this court held that it could not pass upon the merits of the controversy upon the partial record before it, and that it must be presumed that the evidence before the trial judge sustained his ruling.

Section 2121, Kentucky Statutes, authorizes the court to allow the wife maintenance pending an action for divorce, but the amount that ought to be awarded is a matter addressed to the sound discretion of the court. Wills v. Wills, 168 Ky. 35, 181 S. W. 619; Campbell v. Campbell, 50 S. W. 849, 21 Ky. Law Rep. 19. In fixing the amount of the allowance, many elements must be considered by the court, such as the financial condition of the respective parties and the wife's age, health, and station in life. Kelly v. Kelly, supra. Since the record fails to present the evidence heard on the motion for an allowance pendente lite, we must presume that the evidence before the trial judge justified the conclusion reached by him.

It is also argued that the trial court erred in discharging the attachments. The judgment appealed from

relates only to the question of maintenance pending the action. The orders discharging the several attachments are not appealable, and appellant failed to pursue the remedy provided by sections 266-270 of the Civil Code of Practice for the reinstatement of an attachment wrongfully discharged. But, conceding for present purposes that the propriety of the court's action in discharging the attachments is before us by reason of the finality of the judgment that is appealed from, we find that evidence was heard on the motion to discharge the attachments, and this evidence is not in the record. With the record in this condition, it will be presumed that the ruling of the trial judge was correct.

Judgment is affirmed.