## Emery v. Emery.

(Decided March 3, 1936.)

DAVIS W. EDWARDS and HUSTON QUIN for appellant.

DAVIS, BOEHL, VISER & MARCUS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Josephine Emery brought this suit in the Jefferson circuit court against Frank B. Emery for a divorce and alimony. The cause was referred to the court commissioner, and after taking the evidence the commissioner made his report to the court. and recommended that plaintiff be granted a divorce and be allowed alimony in the sum of $37,500 due and payable at the date of the judgment and the further sum of $250 per month payable monthly for a period of 20 years—the approximate expectation of her life—but as to these monthly payments the chancellor should further provide that either upon the marriage of the plaintiff or upon the death of either plaintiff or defendant, these payments should cease, and, furthermore, that the chancellor should retain jurisdiction of these monthly payments for a future consideration upon changed conditions. And further recommended that plaintiff be allowed the sum of $2,500 for her attorneys' fees. The commissioner also found that defendant was wholly responsible for the divorce action and fixed the value of his estate at $148,286.

Both parties filed exceptions to the commissioner's report, plaintiff contending that she should be allowed alimony in the sum of $100,000 and counsel fees in the sum of $7,500. The defendant excepted to so much of the report as allowed the plaintiff alimony in excess of $25,000 and counsel fees in excess of $1,000, and to the value of his estate as fixed by the commissioner, or any value in excess of $143,360.

The cause was submitted for final judgment upon the pleadings, evidence, and exceptions to the commissioner's report, and the chancellor granted plaintiff a divorce and fixed the value of defendant's estate at $146,000, and in respect to alimony and attorneys' fees, the following judgment was entered:

"It is further ordered and adjudged that the plaintiff recover of the defendant, as alimony, the sum of Sixty Thousand [$60,000] Dollars to be paid as follows: Thirty-seven Thousand Five Hundred [$37,500] Dollars thereof to be paid as of the date of this judgment and the balance of Twenty-two Thousand Five Hundred [$22,500] Dollars shall be paid in monthly installments of Two Hundred [$200.00] Dollars per month, beginning May

25, 1935, and continuing until the whole of said $22,500.00 is paid.

"It is further ordered that in case any of said $200.00 monthly payments are not made when they become due, the plaintiff may declare the balance of said $22,500.00 due and payable and take such action as may be necessary to collect same. In the event the defendant prosecutes an appeal and supersedes this judgment, said supersedeas bond shall be for the full amount of the judgment, less such amount as may then be paid, that is, $60,000, with the legal interest and penalties, which may accrue thereon, and the failure of the defendant to make said monthly payments while said supersedeas bond is in full force and effect will not be considered such failure as will authorize the plaintiff to declare the balance due and payable.

"It is further ordered and adjudged that, as additional alimony, the plaintiff be and she is hereby awarded the household and kitchen furniture belonging to the plaintiff and the defendant and the automobile belonging to the defendant now in possession of the plaintiff.

"Should it appear that defendant is about to fraudulently abandon his employment, or remove himself or his property, or such material part thereof as would endanger the plaintiff's ability to collect the judgment in her favor, which is payable at the rate of $200.00 per month, or if it appears that he is about to fraudulently sell, convey or conceal his property to prevent the recovery of said judgment, then, in either of said events, the plaintiff may, without giving bond, obtain the necessary orders for securing the payment of the balance due her. * * *

"It is further adjudged that the plaintiff recover her costs herein, including an attorney's fee of $3,000.00 for her attorneys, Messrs. Davis, Boehl, Viser and Marcus."

Both parties excepted to the judgment and were granted an appeal in the lower court. After defendant had perfected his appeal, plaintiff then prosecuted her cross-appeal. However, defendant did not supersede the judgment and in due time paid the alimony to the

extent of the $37,500 and $3,000 counsel fees, as adjudged by the court.

The judgment of divorce not being involved in this appeal, we are not concerned with the evidence except for the purpose of determining the questions of alimony and counsel fees, and for the purpose of determining these questions, the responsibility or relative responsibility of the parties for the divorce is a proper element for consideration. In Muir v. Muir, 133 Ky. 125, 92 S. W. 314, 317, 28 Ky. Law Rep. 1355, 4 L. R. A. (N. S.) 909, the rule is thus stated:

"In estimating the allowance of alimony, there is no fixed standard. The matter is within the sound judicial discretion of the chancellor. It will be regulated by a number of circumstances that properly enter into the consideration. Among them is the size of the estate of the husband, and its productiveness; his income and earning capacity; his age, health, and ability to labor; the age, health, and station of the wife, and, it may be added, that the particular cause of the divorce may properly enter into the consideration."

See also, Shehan v. Shehan, 152 Ky. 191, S. W. 243; Kelly v. Kelly, 179 Ky. 586, 200 S. W. 925; Harley v. Harley, 255 Ky. 370, 74 S. W. (2d) 195.

It would serve no useful purpose to set out in this opinion a detailed statement of the evidence. It is sufficient to say that the cause of divorce alleged by plaintiff is a substantial one and proven by an abundance of evidence, and, in fact, not denied by defendant, and he offered no defense to alimony except what he conceived to be mitigating circumstances.

Plaintiff and defendant were married at Petersburg, Va., in the year 1912 and resided there until the year 1921, and at that time defendant was employed by a tobacco company at a salary of $2,100 per year. He received substantial advancements and in 1921 he was receiving a salary of $12,000 per year. In 1921 he secured a position with the British-American Tobacco Company, and in pursuance of this business he traveled in many foreign countries—England, Holland, Norway, Denmark, Switzerland, and in 1924 or 1925 they settled in China, where they lived until 1928,

when they returned to the United States, and soon thereafter he was sent to South America for a period of one year. During his travels abroad plaintiff was with him except on occasional visits back to Petersburg, Va. In 1929 to 1931, they were located in New York and then came to Louisville, Ky., and soon thereafter defendant strayed from the straight and narrow path, and discord and inharmony stalked across their pathway and their peaceful matrimonial career came to a tragic end.

This brings us to a consideration of alimony and counsel fees. It is conceded that plaintiff has no property, income, or other means of her own and is 47 years of age. Before her marriage she was a stenographer, but she has not worked in that line or otherwise except housekeeping since her marriage, more than 20 years ago. In view of the estate of her husband and his responsibility for the divorce, it could not be expected that she again return to labor for her support.

There is no material dispute as to the value of defendant's estate. The commissioner fixed its value at approximately $148,000, the chancellor reduced it to $146,000 and the defendant's own figures show it to be in excess of $143,000.

It is strenuously insisted that the alimony allowed is entirely excessive, based upon the value of defendant's estate. The evidence is not materially conflicting as to the value of his estate, and we are not prepared to disturb the finding of the chancellor that $146,000 is a fair value, and in addition thereto he is still employed at a salary of $18,000 per year, plus bonus of approximately $3,000 per year and income from his investments of approximately $6,000 per year. However, after paying the sums which he has already paid as indicated above, the latter income will be materially reduced, but in any event, his income will exceed $20,000 per year.

Defendant relies upon the case of Kelly v. Kelly, supra, and other like or similar cases, all of which are very similar to the present case in respect to the value of the husband's estate and income and the amount of alimony allowed. In the Kelly Case the husband's estate was valued at approximately $150,000 and an

income of between $30,000 and $40,000 per year. The wife was allowed $33,500 alimony and the use of her husband's residence for life, value of $12,500, all which were less than one-third the value of the husband's estate.

It is argued that this court has not allowed alimony to the wife equal to or exceeding one-third of the husband's estate, in any case. However, we find that in the case of Muir v. Muir, supra, the husband's estate was valued at $15,000 and the wife was allowed $5,000 alimony, which was exactly one-third of his estate. But it is insisted that in the Muir Case the husband's treatment of the wife and conduct toward her was exceedingly bad—worse than in the present case. But as we have already said, the appellant is entirely responsible for the divorce, and in all such cases the rule should be the same.

Appellant cites numerous other cases wherein the alimony allowed the wife was a smaller per cent. of the husband's estate than the sum allowed in the present case. However, the facts in those cases disclose many circumstances not present in the present case. In many of those cases the wife was partly in fault for the divorce, or owned considerable property and means of her own, or the husband's future income was somewhat meagre, or his estate consisted of undeveloped real estate, such as coal and timber lands, etc., from which he was receiving but little or no income, and in some instances, in addition to the alimony allowed to the wife allowances were made for children. In the present case defendant's estate consists of cash and other quick assets, most of which are invested and yielding him a lucrative income, and has future income of at least $20,000 per year, which is reasonably certain. The sum he has already paid, $37,500, due at the time the judgment was entered, constitutes approximately 26 per cent. of the value of his present estate, and the remainder to be paid at $200 per month will amount to approximately 12 per cent. only of his income. When all these circumstances are taken into consideration, it is obvious that the amount of alimony allowed does not put upon him a heavier burden than that allowed in many other cases, although it may constitute a larger percentage of the value of the estate. It is the well-established rule that no partic-

ular case or line of cases will be seized upon as a guide for future cases, and the question of alimony rests largely in the discretion of the chancellor to be determined from the particular facts and circumstances of each case, and particularly the nature of the husband's estate as well as the value of it.

It is also insisted that the court should not have provided in the judgment that in the event defendant defaulted in the prompt payment of the monthly installments, the whole amount should then become due and payable. This provision of the judgment is for the purpose of inducing defendant to promptly pay the installments when due, and thereby avoid further litigation and trouble in collecting same, and also as a precautionary measure that he may not avoid payment. It is obvious that he is amply able to meet the payments when due, and prompt payments of these sums will prevent precipitation of the whole amount. In the circumstances, we do not think that provision in the judgment was an abuse of discretion on the part of the chancellor. However, if it was not reasonably certain that defendant could promptly meet the payments, such provision in the judgment might be harsh and unfair to him. Upon the facts and circumstances presented by this record, we do not think the alimony allowed and the manner of payment thereof was improper.

It is also insisted that plaintiff should not have been awarded the household furniture owned jointly by herself and defendant, and his automobile. But in all the cricumstances, these items are of minor importance, and we are unable to say that the chancellor improperly awarded them to the plaintiff.

The next insistence relates to the sum allowed plaintiff's counsel, defendant insisting that it was exorbitant, and plaintiff insisting that it was inadequate.

In view of the value of the estate and the results accomplished for plaintiff, it is at once obvious that the sum allowed is indeed very reasonable. In fact it is proportionately smaller than fees which have been allowed in numerous other similar cases. The chancellor and commissioner were familiar with the record and the services rendered by counsel, and the commissioner recommended $2,500, but the chancellor

raised it to $3,000. In view of the rule that this court will respect the finding and discretion of the chancellor in such matters unless an abuse of discretion is clearly made to appear, we are unable to say that the sum allowed for counsel fees is either inadequate or exorbitant.

Wherefore, we are constrained to the conclusion that the judgment of the chancellor on both issues is substantially correct. The judgment is affirmed on both the original and cross-appeals.