# Ahrens v. Ahrens.

Feb. 2, 1945.

Wm. Marshall Bullitt and Raymond C. Schultz for appellant.

Joseph Selligman and Samuel Greenebaum for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Katrine H. Ahrens and Edward Ahrens separated in June, 1942, about one year after marriage. He went into the Army in October, 1942, and filed suit for divorce in March, 1943, on the ground that she had habitually manifested such cruelty as to indicate a settled aversion and to destroy his peace and happiness. Kentucky Revised Statutes 403.020, subd. 4(d). In April the defendant denied the alleged cause for divorce; prayed that the petition be dismissed and that she be allowed maintenance. Following the ruling on certain motions, in June the defendant moved the court to issue a rule against the plaintiff to show cause why he should not pay her $500 a month during the pendency of the action. The plaintiff responded to the rule and at the same time moved the court: "To stay all further proceedings in this matter until further orders of the Court, because the ability of the plaintiff to prosecute this action and to defend in this action against defendant's counterclaim and demand for additional alimony pendente lite is materially affected by reason of plaintiff's military service in the armed forces of the United States, and that said stay be continued until such time as the ability of the plaintiff to prosecute this action and to defend against the counterclaim aforesaid and the aforesaid demand

for additional alimony pendente lite may no longer be materially affected by reason of plaintiff's military service.''

The exhibits and affidavit filed by the defendant showed her husband to have an estate in his own name, of perhaps $375,000; that he is also the beneficiary of two trusts and has the possibility of inheriting $1,000,-000 from his mother. His income is stated to be between $25,000 and $30,000 a year.

The affidavit of one of plaintiff's attorneys related the preparation which had been made for the taking of depositions in the case by the plaintiff on May 24th, to attend which he had obtained a furlough from an Army camp in Alabama. The furlough was cancelled by telegram and he was compelled to return immediately, and was sent overseas at once. It was shown that the plaintiff had paid the rent of an apartment in which they had lived at the rate of $65 a month up to the expiration of the lease on May 31, 1943, and that the wife had been receiving $100 a month, one-half of which was from the Government's allotment, the plaintiff having $22 deducted from his pay as a soldier for that purpose. The Liberty National Bank & Trust Company is trustee of two estates in which he is a beneficiary, and is his agent during his term of service in the army. An officer of that institution disclosed that the total of the three accounts was about $450,000, and that in addition the plaintiff has interest in real estate of the approximate value of $21,750. Plaintiff also showed that his income from the securities was over $10,000 a year net, after payment of all ad valorem and income taxes. The defendant itemized her living expenses, which aggregated about $2,000 during ten months following the separation. It appears that during the first calendar year of their married life, the living expenses of the couple was more than $19,000. On the hearing of the motion for temporary maintenance, counsel for plaintiff stated that he could arrange for his client to increase the voluntary allowance theretofore made his wife to $150 a month, to be supplemented by the $50 she would receive from the Government. The court ordered the suit abated ''until such time as plaintiff shall withdraw his request for abatement of this action or otherwise consent to the revival of this action, or until such abatement may, for any reason, be set aside by the Court, on condition that plaintiff will continue such arrangement whereby, retro-

active to July 1, 1943, there shall be made to defendant payments amounting in all to $200 a month, consisting of $50 a month government allotment to defendant as a soldier's wife, and $150 a month payment to be made to her by agents for the plaintiff, and such abatement shall continue only so long as payments are continued in accordance with such arrangement.''

The order further provides: ''The Court retains control over this order to set aside, alter or amend the same at any time that to the Court may seem proper.''

The defendant moved the Court to set aside the order and to allow the taking of testimony in support of her motion for maintenance pendente lite and to show that the absence of the plaintiff did not affect his ability to defend the proceeding. The motion was overruled and the defendant granted an appeal to this court.

The appellant insists that the chancellor abused his discretion and acted arbitrarily in summarily disposing of the proceeding both with respect to abating the application for temporary allowance and not permitting the introduction of testimony. She continues her claim in this court that she should be allowed $500 a month.

It is not necessary here to decide whether we have jurisdiction to entertain the appeal from the order abating the suit under the authority of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A. Appendix sec. 521, until there has been a final judgment in the case.

We do have jurisdiction over the order allowing temporary alimony since it is independent of the final determination of the rights of the parties and possesses the essential elements of a final judgment, being enforceable by rule or execution. Civil Code of Practice, sec. 424; Lochnane v. Locknane, 78 Ky. 467; Kelly v. Kelly, 179 Ky. 586, 200 S. W. 925; Brandenburg v. Brandenburg, 246 Ky. 546, 55 S. W. 2d 351.

The appellant vigorously complains of the chancellor's opinion that the wife of a well-to-do husband is entitled to be ''maintained in comfort and decency, but not in luxury and fashion during the war,'' and that he deemed $200 a month sufficient for that purpose. We make no observation. It is sufficient in this case to stick to the familiar standard by which temporary alimony is to be fixed, namely, the husband's ability and the wife's necessities, measured by the social position

in which her marriage placed her. Absent from this case are the factors of children and evidence concerning the particular cause that induced the wife to seek alimony. Kelly v. Kelly, supra. It may be developed by the completed record of the marital difficulties of these parties that the wife was in such fault that she should not be awarded alimony permanently and should not have been allowed alimony ad interim. On the other hand, it may be developed that she was free from fault and should be or should have been allowed a much larger sum as alimony. In the first eventuality, the husband will have been unjustly compelled to pay for her maintenance, while in the second there can be an adjustment, the amount received pending the litigation being taken into consideration in the final judgment. In either event, until such adjudication, the defendant will be the wife of the plaintiff and entitled as a matter of law and justice to his reasonable support, considering all the circumstances. No question is raised that alimony pendente lite should not have been awarded, the only issue being the amount. The husband brought this suit and the wife denied the charges. There is no presumption adverse to her rights, for a man cannot escape his full responsibility as a husband merely by making charges in a suit for divorce. The young man established something of a standard of living by spending $1,600 a month for himself and wife, although, of course, conditions have changed. It seems to us when all the factors and circumstances are taken into consideration that the wife should be allowed $250 a month instead of $150 to supplement the $50 received from the Government from the soldier's pay and allowance as a dependent.

The order is reversed for appropriate modification.

Whole Court sitting.