### Dalton v. Dalton.

March 11, 1947.

Watt M. Prichard, Judge.

Baxter Arnett and Thomas Burchett for appellant.

Dysard & Dysard for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Pearl Dalton, and the appellee, Earl Dalton, were married September 7, 1931, in Oklahoma. The appellee was unable to find work for some time after the marriage and they experienced a period of hard times. Later they moved to Ashland and the appellee was employed as a linotype operator and at the time this action was filed in March, 1945, he was earning $50 per week. The appellant obtained a job in Ashland in 1943 and worked at it for approximately two years,

earning good wages. The testimony as to the conduct of both parties during the time of their marriage is conflicting, but it is uncontradicted that they were unable to get along and were separated in December, 1944.

On March 21, 1945, the appellee filed an action for divorce on the grounds of cruel and inhuman treatment on the part of the appellant. The appellant filed her answer and counterclaim, seeking an absolute divorce and permanent alimony. The cause having been heard, judgment was rendered granting the appellant an absolute divorce and ordering her to convey to the appellee two lots in Ashland. Upon the conveyance of this property by the appellant, the appellee was further ordered to pay to the appellant $1500 lump sum alimony and also to pay the taxes on the property conveyed and the mortgage of $1257 on said property. It was further adjudged that the appellee was the owner of the household furniture and the Ford automobile and that he pay to the appellant $50 per month alimony and $50 attorney's fee. From this judgment the appellant, Pearl Dalton, has appealed.

The only question raised on this appeal is whether the amount allowed to the appellant in alimony is inadequate, insufficient and inequitable in view of the facts.

The net estate was valued at $5,850 by the appellant and $3400 by the appellee. Of this amount appellant was given $1500, or approximately one-third of the net value of the estate as valued by her and a little less than one-half of it as valued by the appellee.

In allowing alimony there is no fixed standard. The matter is within the sound discretion of the chancellor and is to be regulated by a number of circumstances that properly enter into the consideration, such as the size of the husband's estate, its productiveness, his income and earning capacity, his age, health and ability to labor, the age, health and ability of the wife to earn something and the particular cause for which the divorce was granted the wife. Emery v. Emery, 264 Ky. 331, 94 S. W. 2d 634; Kelly v. Kelly, 179 Ky. 586, 200 S. W. 925; Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243. We think the chancellor made a fair disposition of the case.

For the reasons set out above, the judgment is affirmed.