## COFFEE v. COFFEE.

Court of Appeals of Kentucky.

March 7, 1952.

Rehearing Denied April 25, 1952.

David R. Reed, Paducah, for appellant.

Ben Morris, Wickliffe, Herbert Melton, Jr., Paducah, for appellee.

STANLEY, Commissioner.

The appeal by W. M. Coffee is from an order awarding his wife, Mrs. Cledie Coffee, maintenance of $125 a month pendente lite. Sec. 425, Civil Code of Practice, KRS 403.060. The accumulated judgment is within the jurisdiction of this court. Brandenburg v. Brandenburg, 246 Ky. 546, 55 S.W.2d 351; Ahrens v. Ahrens, 299 Ky. 497, 185 S.W.2d 694.

The appellant brought into the case the charge that his wife had attempted to kill him, for which she had been indicted. He claimed that she had thereby forfeited her right even to temporary maintenance. The court refused to go into that matter on the motion except to hear Dr. Coffee's testimony and to sustain objection to the inquiry of the wife upon the ground of her constitutional immunity. The charge was contained in the broad allegation of cruel treatment which the husband had pleaded in his divorce action and which she had denied. She too pleaded cruel treatment against him in her counterclaim. The court did not have a complete hearing of the merits of the right to divorce but heard what it deemed to be sufficient evidence to show the need of the wife and the ability of the husband to pay the amount allowed pending the final decision. The appeal presents the sole question of an arbitrary abuse of discretion by the chancellor.

It is to be remembered that until there is a final adjudication of divorce, the obligation rests on the husband to support his wife to the extent at least of affording her a modest livelihood. There was more than a prima facie case made out by the wife both as to the right to an allowance and the amount thereof within the conditions laid down in Kelly v. Kelly, 179 Ky. 586, 200 S.W. 925, and other cases. Our review of the evidence does not persuade us in any degree that there was an abuse of judicial discretion.

The judgment is affirmed.