## OLIVER v. OLIVER.

Court of Appeals of Kentucky.

May 29, 1953.

Elwood Rosenbaum, Lexington, for appellant.

George R. Smith, Lexington, for appellee.

WADDILL, Commissioner.

Mrs. Mary Louise Oliver appeals from an order awarding her alimony of $200 a month and allowing her attorney a fee of $400. She complains that the amount of the award is wholly inadequate for her needs. She maintains that the evidence entitles her to a much larger sum for her support and to a substantial increase in the fee allowed her attorney.

The appellant married Leonard H. Oliver on February 14, 1952. She was then 37 years old and Mr. Oliver was 52. Mrs. Oliver had been previously married and divorced and has the custody of her 11 year old child by her former marriage.

Mr. Oliver had been married twice prior to his marriage to appellant. His first wife died and his second wife obtained a divorce. Mr. Oliver has the custody of his two children which were born to his first wife.

It is patent from the evidence that appellant's marriage to Mr. Oliver was a mistake. Shortly after they returned from their honeymoon they commenced quarreling and neither of them made any real effort to reconcile their differences.

On March 3, 1952, Mr. Oliver took appellant to the home of her aged parents

and left her without any provision for her support. She was then pregnant. On March 24, 1952, she filed this action under KRS 403.050.

Following a hearing of the case the Chancellor granted Mrs. Oliver a divorce from "bed and board" and awarded her alimony. We quote the pertinent part of the judgment appealed from:

"It is further ordered and adjudged by the Court that the defendant, Leonard Hudson Oliver, pay the plaintiff through the Fayette County Juvenile Court the sum of Two Hundred ($200.00) per month, the first of such payments under this judgment will be due on the 29th day of July, 1952, and a like payment will be due on the 29th day of each and every month thereafter during plaintiff's pregnancy and until she recovers from it.

"The defendant is further ordered to pay the plaintiff's hospital, physicians and drug bills during her pregnancy and such bills resulting therefrom.

"The defendant is further ordered to pay the costs of this action including the sum of $400.00 to Elwood Rosenbaum, plaintiff's attorney of record herein."

In fixing the amount of alimony the court must consider many factors, which include the size of the husband's estate and his earning capacity and the wife's estate, her necessities, measured by the social position in which her marriage placed her. Coffee v. Coffee, Ky., 247 S.W.2d 501; Ahrens v. Ahrens, 299 Ky. 497, 185 S.W.2d 694; Kelly v. Kelly, 179 Ky. 586, 200 S.W. 925.

Appellant's evidence established that appellee earned in excess of $15,000 in 1951. In 1950 appellee gave his bank a financial statement showing his net worth to be approximately $42,000. Appellee owns a farm on which he maintains a well furnished country home. However, appellee claims he is indebted in the sum of about $30,000.

In view of the financial situation of the parties we think the Chancellor was very conservative in the amount of alimony awarded appellant and was also conservative in fixing the fee for her attorney. However, the Chancellor in a written opinion filed, found that both parties were in fault in causing their separation. There is ample evidence to support this finding. When all the factors and circumstances appearing in this case are carefully weighed and considered, we do not find that the Chancellor abused his discretion in the judgment rendered.

We observe that under KRS 403.050, which is the statute governing this character of proceeding, "The judgment may be revised or set aside at any time by the court rendering it." Therefore, in the event it is established that the judgment requires revision, an adequate remedy is afforded the parties by the statute.

Judgment affirmed.