**Verna COMBS, Appellant,**

v.

**Troy P. COMBS, Appellee.**

Court of Appeals of Kentucky.

May 29, 1958.

Don A. Ward, Hazard, for appellant.

C. A. Noble, Jr., J. Matt Dixon, Hazard, for appellee.

WADDILL, Commissioner.

The judgment entered in this action granted Troy P. Combs a divorce; gave Mrs. Combs custody of their daughter and awarded her $350 a month for their support; granted Mrs. Combs the right to occupy their former home during her lifetime; and ordered Mr. Combs to pay the taxes and upkeep on this property.

Mrs. Combs has appealed, urging that the court erred: (1) In allowing her only $350 a month; (2) in ordering her to use part of the sum awarded her as alimony to maintain her daughter; (3) in failing to adjudge her a one-half interest in the personal property owned by her husband; and, (4) in failing to award her alimony in a lump sum of $75,000.

Appellant and appellee were married in March, 1917, and are now 58 and 60 years of age respectively. They have reared five children, the youngest of which is now eighteen years old. Apparently the parties lived in harmony until Mrs. Combs became suspicious of her husband's conduct toward other women. Mr. Combs testified that for several years prior to their separation Mrs. Combs had refused to have sexual intercourse with him. Mrs. Combs does not deny this charge; however, she testified that she had undergone several operations and was not in good health.

At the time of their marriage Mr. Combs owned a small unproductive farm. Through the years that followed, Mr. Combs was twice elected jailer of Perry County, and subsequently built several gasoline filling stations and a bulk plant from which he distributed products of the Gulf Refining Company. There was testimony indicating that his monthly income from his business operations was $1,500, and that his real estate had a reasonable market value of $111,000.

Mr. Combs testified that substantially all of his income was derived from the operation of his gasoline business. He stated while his income was rather large, that the expenses incurred in the operation of his business were ordinarily in excess of $1,000 a month. He also testified that the Gulf Refining Company could terminate its agreement to furnish him with products at any time. He further testified that his bank account was overdrawn due to advancements made to his married sons; that he was indebted in the sum of $8,400; and that he had to immediately move the location of one of his gasoline filling stations which would involve an expenditure of approximately $20,000.

The Chancellor is given much discretion in determining the amount of alimony and maintenance, and the form of its payment, depending upon the facts of each particular case. Hicks v. Hicks, Ky., 290 S.W.2d 483; Petrie v. Petrie, Ky., 262 S.W.2d 182; Dalton v. Dalton, 304 Ky. 223, 200 S.W.2d 469.

The Chancellor decided that it would be to the best interest of the parties to allow Mrs. Combs monthly installments of alimony rather than a lump sum amount. The record supports this conclusion. The award of $350 a month and the use of a furnished home was an adequate allowance for Mrs. Combs and her daughter under this record. Consequently, we will not disturb the judgment.

Judgment affirmed.