Clarence L. LEBUS, Appellant,

v.

Nancy Saufley LEBUS, Appellee.

Court of Appeals of Kentucky.

Oct. 2, 1964.

E. F. Schaeffer, Jr., Kincaid, Wilson & Trimble, Lexington, Clay Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellant.

Robert M. Odear, Stoll, Keenon & Park, Lexington, for appellee.

CLAY, Commissioner.

This cause is before us on appellee's motion to dismiss the appeal on the grounds (1) a sufficient jurisdictional amount is not in controversy, and (2) the orders appealed from are not final.

This is a divorce action in which no judgment on the merits has been rendered. On March 6, 1964, the circuit court entered an order overruling appellant's motion to dismiss the action on the grounds of improper venue and lack of jurisdiction. On April 13, 1964, the court entered an order allowing temporary alimony and temporary maintenance for the children of the parties pendente lite. Appellant undertook to appeal from these orders. (He also sought an appeal from an "opinion of the court" and a "statement of plaintiff".)

Appellee contends the appeal from the order allowing maintenance should be dismissed on the ground that an insufficient jurisdictional amount is involved. It is pointed out that the amount actually in controversy is an allegedly excessive allowance of $374.30 per month, which obviously is less than the $2500 required to appeal as a matter of right. (KRS 21.060)

Prior to the decision in Stone v. Stone, Ky., 275 S.W.2d 910, this Court had held in substance that in a case involving the payment of alimony by installments the jurisdictional amount was the sum which had become due under the judgment prior to the time of the appeal. Noble v. Noble,

310 Ky. 726, 221 S.W.2d 654. That case and similar ones were overruled in the Stone case, wherein it was held that the issue involved on that particular appeal concerned the *right* to have installment payments increased, which right could not be translated into a monetary valuation. Under such circumstances the jurisdictional amount need not be shown. McLean v. Thurman, Ky., 273 S.W.2d 825.

We think there is a broader ground upon which this Court should entertain an appeal from a judgment allowing alimony and/or maintenance in installments, assuming it is otherwise appealable (which will be subsequently discussed). In such judgment the right to, and the obligation to, make future payments is fixed. It is not realistic to say that the amount in controversy is the amount which has accrued under the judgment at the time of taking an appeal. The contested amount of future payments is certainly in controversy. If under ordinary circumstances and in due course the installment payments in dispute will reach the sum of $2500, a sufficient amount is involved to give this Court jurisdiction under KRS 21.060. Consequently, had this appeal been taken from a final judgment allowing what appellant claims was an excessive amount of $374.30 per month (which would exceed $2500 in less than seven months), a sufficient jurisdictional amount would have been in controversy to authorize an appeal as a matter of right.

To decide otherwise would often deprive the husband of a right of appeal from a final judgment where he is required to make installment payments for alimony or maintenance. Since he must appeal within 30 days from the entry of judgment under CR 73.02, he could not wait to appeal until sufficient additional contested installments had become due under the judgment. The jurisdictional amount may be found in the projected ultimate liability under the judgment. Consequently, if the maintenance order before us was otherwise an appealable one, this ground of the motion could not be sustained.

We consider the second ground. Appeals to this Court may be taken only from *final* orders or judgments. KRS 21.-060; CR 73.01 and 73.02. An appealable judgment is defined in CR 54.01 as "a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02". Obviously neither of the orders appealed from is a final order from which an appeal may be taken.

The decision of a court that it has jurisdiction of a cause and that the venue is proper does not determine the ultimate rights of the parties, and is well recognized as an interlocutory order. 4 Am.Jur.2d, Appeal & Error, section 89 (page 604). It is only on the ground that such an order is not independently appealable that this Court will entertain an original proceeding questioning its correctness. See Burke v. Tartar, Ky., 350 S.W.2d 146, and cases cited therein.

Similarly, the allowance of maintenance pending an action for divorce, under KRS 403.060, is by its very nature interlocutory and the order does not adjudicate the ultimate rights of the parties. As an original proposition this would seem beyond question. However, prior to the adoption of our Civil Rules (in 1953), this Court had held such an order appealable. Lochnane v. Lochnane, 78 Ky. 467; Kelly v. Kelly, 179 Ky. 586, 200 S.W. 925; Arms v. Arms, 246 Ky. 827, 56 S.W.2d 536; Ahrens v. Ahrens, 299 Ky. 497, 185 S.W.2d 694. The soundness of this holding was questioned as far back as 1899 in Campbell v. Campbell, 50 S.W. 849, 21 Ky.Law Rep. 19, but it seems to have been blindly followed without adequate justification.

The correctness of those former decisions is questionable. Since such orders could be changed from time to time by the circuit judge, or a final order entered while the appeal was pending, the appeal could be

rendered moot by any of a number of subsequent orders in the circuit court. If such order were appealable, it could be superseded by the husband and his wife and children possibly left destitute pending the appeal proceedings, contrary to the purpose of the authorized allowance. See Coffee v. Coffee, Ky., 247 S.W.2d 501.

Without examining the matter further as an original proposition, it is clear that such an order does not constitute a final or appealable judgment under CR 54.01 and the following cases: Campbell v. Hulett, Ky., 243 S.W.2d 608; Massey v. Fischer, Ky., 243 S.W.2d 889; Commonwealth ex rel. Reeves v. Unknown Heirs of Brown, Ky., 249 S.W.2d 52; Brumley v. Lewis, Ky., 340 S.W.2d 599.

We cannot entertain an appeal from interlocutory orders.

The appeal is dismissed.