RENDERED: FEBRUARY 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1603-MR
AND
NO. 2021-CA-0061-MR

JEWELL B. MASON                                         APPELLANT

APPEALS FROM CALDWELL CIRCUIT COURT
v.        HONORABLE CLARENCE A. WOODALL, III, JUDGE
ACTION NO. 18-CI-00104

KATHY MASON                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Jewell B. Mason brings Appeal No. 2019-CA-1603-MR from

an August 22, 2019, Findings of Fact, Conclusions of Law, and Final Decree of

Dissolution of Marriage, and brings Appeal No. 2021-CA-0061-MR from a

December 17, 2020, Order Denying Respondent's Motion to Modify Maintenance,

both of which were entered in the Caldwell Circuit Court. We affirm Appeal No. 2019-CA-1603-MR and Appeal No. 2021-CA-0061-MR.

Jewell and Kathy Mason were married on June 16, 1972. On June 1, 2018, Kathy filed a Petition for Dissolution of Marriage in the Caldwell Circuit Court. Following an evidentiary hearing, Findings of Fact, Conclusions of Law, and Final Decree of Dissolution of Marriage (Decree) was entered on August 22, 2019. Relevant to this appeal, the circuit court classified the parties' property as marital or nonmarital, assigned each party his or her nonmarital assets, divided the marital assets, and awarded Kathy permanent maintenance. Following the denial of Jewell's motion to alter, amend, or vacate the August 22, 2019, Decree, Jewell filed a notice of appeal (Appeal No. 2019-CA-1603-MR) on October 14, 2019.

While Appeal No. 2019-CA-1603-MR was pending, Jewell filed a motion in the circuit court to modify the award of maintenance. By order entered December 17, 2020, the circuit court denied Jewell's motion to modify maintenance. Jewell filed a second notice of appeal (Appeal No. 2021-CA-0061-MR) from the December 17, 2020, order. These appeals follow.[1]

---

[1] This Court granted a motion filed by Jewell B. Mason to consolidate Appeal Nos. 2019-CA-1603-MR and 2021-CA-0061-MR by order entered April 20, 2021. The appeals were consolidated to the extent they shall be considered on the merits by the same three-judge panel.

Jewell generally contends the circuit court erred in its classification of certain real property as marital or nonmarital. More particularly, Jewell asserts the circuit court failed to properly classify the parties' interests in the marital residence located upon 3.58 acres in Caldwell County and three tracts of real property located in Lyon County.

Disposition of property in a dissolution of marriage proceeding is governed by Kentucky Revised Statutes (KRS) 403.190. In accordance with KRS 403.190, the circuit court must classify each item of property as either marital or nonmarital, assign each party his or her nonmarital property, and divide the marital property in just proportions. *Jones v. Jones*, 245 S.W.3d 815, 817 (Ky. App. 2008). There is a presumption that property acquired by either spouse after the date of marriage and before entry of a decree of dissolution is marital property "regardless of whether title is held individually or in some form of co-ownership such as joint tenancy, tenancy in common, [and] tenancy by the entirety . . . ." KRS 403.190(3); *Hunter v. Hunter*, 127 S.W.3d 656, 660 (Ky. App. 2003). However, the presumption of marital property may be overcome by demonstrating the property was acquired by one of the exceptions set forth in KRS 403.190(2), which includes property acquired by gift. KRS 403.190(2)(a). There are several relevant factors to consider when evaluating whether property acquired during the

marriage was a gift to one spouse and is thus nonmarital property. *Id.* The

relevant factors include "the source of the money used to purchase the item, the

intent of the donor, and the status of the marriage at the time of the transfer."

*Hunter*, 127 S.W.3d at 661. And, donor intent is considered the paramount factor

in determining whether the transfer was a gift to one spouse. *Id.* Classification of

property as marital or nonmarital is a question of fact subject to review under the

clearly erroneous standard. *Id.* at 660; Kentucky Rules of Civil Procedure (CR)

52.01.[2] Additionally, the party claiming a nonmarital interest in property acquired

during the marriage bears the burden of proof upon that issue. *Hunter*, 127 S.W.3d

at 660 (citations omitted). Our review proceeds accordingly.

As to the marital residence located upon the 3.58-acre tract in

Caldwell County, the record discloses the tract was conveyed during the parties'

marriage. By deed dated September 30, 1991, the 3.58-acre tract was conveyed

from Jewell's parents to Jewell and Kathy, with the right of survivorship.

Following the conveyance, Jewell and Kathy constructed the marital residence,

---

[2] The circuit court conducted a bench trial for all disputed issues in this divorce proceeding on June 11, 2019. Accordingly, our review is based upon the clearly erroneous standard set forth in Kentucky Rules of Civil Procedure 52.01, which states that "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." A reversible error arises when there is no substantial evidence in the record to support the findings of the trial court. *M.P.S. v. Cabinet for Human Resources*, 979 S.W2d 114 (Ky. App. 1998). However, the trial court's conclusions of law are subject to independent *de novo* appellate review and determination. *Gosney v. Glenn*, 163 S.W.3d 894, 898-99 (Ky. App. 2005) (citations omitted); *see also Sawyers v. Beller*, 384 S.W.3d 107, 110 (Ky. 2012).

barns, and other buildings upon the 3.58-acre tract during their 47-year marriage. In support of his nonmarital claim, Jewell argues that the 3.58-acre tract was intended as a gift to him solely and points out that the deed provides the property was gifted "in consideration of love and affection, this being a parent to son transfer."

It must be noted that during the parties' marriage, Jewell's parents conveyed the 3.58-acre tract by deed to both Jewell and Kathy and conveyed a 300-acre farm solely to Jewell.[3] This distinction is pivotal as to the intent of the donors. From these two conveyances it is clear that Jewell's parents understood and appreciated the difference between conveying real property solely to Jewell and conveying it to Jewell and Kathy jointly. The distinction between these conveyances demonstrates Jewell's parents' intention that the 3.58-acre tract be a gift to both Jewell and Kathy. Considering all the relevant factors, we do not believe the circuit court's classification of the 3.58-acre tract, upon which the marital residence was constructed, as marital property was clearly erroneous. Furthermore, as the burden was upon Jewell to demonstrate any nonmarital interest in the marital residence, we agree with the circuit court that Jewell did not

---

[3] Kathy Mason did not assert a marital interest in the 300-acre farm or any other property that Jewell's parents conveyed solely to Jewell. The circuit court assigned this nonmarital property to Jewell.

introduce sufficient evidence to overcome the presumption that the real property was marital.

Jewell next asserts the circuit court erred by determining that Kathy's interest in three tracts of real property located in Lyon County were Kathy's nonmarital property. For the foregoing reasons, we disagree.

The record reveals that three tracts of real property were conveyed during the parties' marriage by Kathy's mother, Lillie Gray. The three tracts included an 85-acre tract upon which Lillie's home is located, a 45-acre tract, and a 55-acre tract.[4] By two deeds dated July 26, 1993, Lillie conveyed these three tracts of real property in Lyon County to Kathy, Jewell, Kathy's brother, and Kathy's brother's wife; Lillie retained a life estate for herself. The record further reveals that Lillie testified via deposition that she only included Jewell on the deed because he was married to Kathy. Jewell and Kathy had been married for over twenty years at the time of the conveyance, and Lillie believed a divorce was not likely. But, Lillie also stated that in the unlikely event the parties divorced, she intended for Kathy to receive the property and did not want Jewell to receive one-half of Kathy's interest in the property in the event of a divorce.

---

[4] The 45-acre tract and the 55-acre tract were conveyed by Kathy's mother, Lillie Gray, by a single deed dated July 26, 1993.

The paramount factor relevant to whether real property gifted during a marriage is marital or nonmarital is the donor's intent. *Hunter*, 127 S.W.3d at 660. And, there exists substantial evidence that Lillie intended three tracts in Lyon County to be a gift to Kathy solely. As such, we do not believe the circuit court committed reversible error by classifying the three tracts of property as Kathy's nonmarital property. We believe the court's finding is supported by substantial evidence, and thus, it is not clearly erroneous. In sum, we reject Jewell's argument that the circuit court erred by classifying the three tracts in Lyon County as Kathy's nonmarital property.

Jewell next maintains that the circuit court erred by awarding Kathy permanent maintenance of $1,500 per month. More specifically, Jewell contends the permanent maintenance award of $1,500 per month "was not supported by substantial evidence and was palpable error." Jewell's Brief at 11.

KRS 403.200(1) sets forth the criteria for awarding maintenance and essentially provides that maintenance may be granted only if the party seeking maintenance lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. *Drake v. Drake*, 721 S.W.2d 728 (Ky. App. 1986). If subsection (1) is satisfied, KRS 403.200(2) provides that the maintenance award shall be in an amount and duration deemed just after considering all relevant factors, including: the financial resources of the

parties, the ability of the party seeking maintenance to meet her needs independently, the standard of living established during the marriage, the duration of the marriage, the age, as well as, the mental and physical condition of the spouse seeking maintenance and the ability of the other spouse to pay maintenance. KRS 403.200(2).

In this case, the parties married when Kathy was fifteen-years old and had not graduated from high school. Kathy, who was 62-years old at the time of the dissolution, had been a homemaker during most of the parties' 47-year marriage. Kathy did work outside the home at a hosiery mill for thirteen years until it closed. However, at the time of the dissolution proceeding, Kathy had been diagnosed with Crohn's disease, arthritis, osteoarthritis, and depression. Kathy's only source of income was social security of $657 per month. Based upon these facts, the circuit court found that Kathy was unable to support herself through appropriate employment given her age, lack of education, limited work history, and physical condition. The court also concluded that Kathy lacked sufficient property, including the marital property apportioned to her, to provide for her reasonable needs. Thus, the circuit court concluded that Kathy was entitled to receive $1,500 per month in permanent maintenance.

It is axiomatic that the amount and duration of a maintenance award are within the sound discretion of the circuit court. *Gentry v. Gentry*, 798 S.W.2d

928 (Ky. 1990). An award of maintenance may only be reversed where there has been a clear abuse of discretion. *Combs v. Combs*, 622 S.W.2d 679 (Ky. App. 1981). And, of course, the family court's findings of fact on this issue are conclusive if supported by substantial evidence of a probative value. *Spurlin v. Spurlin*, 456 S.W.2d 683 (Ky. 1970); CR 52.01.

Based upon our review of the record below, we are simply unable to conclude that the circuit court abused its discretion by awarding Kathy permanent maintenance of $1,500 per month. The circuit court engaged in a thorough analysis and considered the appropriate factors set forth in KRS 403.200. The court made detailed findings of fact on this issue which are supported by substantial evidence. Accordingly, we reject Jewell's contention that the circuit court erred in awarding Kathy permanent maintenance of $1,500 per month.

Jewell, likewise, asserts that the circuit court erred in its award of temporary maintenance to Kathy in the amount of $1,055 per month during the pendency of the divorce. It is well settled that an award of temporary maintenance is within the sound discretion of the court and will not be disturbed on appeal absent a clear abuse of discretion. *Brandenburg v. Brandenburg*, 246 Ky. 546, 55 S.W.2d 351 (1933); *Clark v. Clark*, 782 S.W.2d 56 (Ky. App. 1990). Considering the facts enumerated above, we cannot conclude that the circuit court erred in its award of temporary maintenance in the amount of $1,055 per month. And, the

temporary maintenance award terminated upon entry of the final judgment awarding permanent maintenance to Kathy. Regarding the amount of temporary maintenance, we believe the circuit court properly exercised its broad discretion in regard thereto. In sum, we are of the opinion that the circuit court did not err in its award of temporary maintenance of $1,055 per month to Kathy. *See id.*

Jewell also maintains that the circuit court erred regarding two issues related to contempt. More specifically, Jewell makes the following two assertions:

(1) On October 11, 2018 [Jewell] filed a motion requesting to retrieve his personal property, [Kathy] filed a response averring [Jewell] had been put in jail for being on the [marital residence] property outside the hours stated in the July 17, 2018 [agreed] order but the charges were dismissed because there was no contempt order to continue to hold [Jewell] in jail. The trial court denied [Jewell's] motion to retrieve his personal property. [Jewell] was deprived liberty without due process of law.

(2) On May 30, 2019 [Kathy] filed a Motion for Contempt against [Jewell] for failure to pay court ordered temporary maintenance, and the motion was heard at the final hearing 12 days later on June 11, 2019, but there does not appear of record an 'Order for Rule' ordering [Jewell] to show cause why he should not be held in contempt, giving [Jewell] notice of penal sanctions and his constitutional rights. In the trial court's 'Order of Civil Contempt' entered June 14, 2019, the trial court found [Jewell] in contempt and stated '[T]his court does not assess jail at this time and since jail time is meant to motivate [Jewell] to comply, [Jewell] will have the opportunity to purge himself of this contempt by paying his maintenance as previously ordered. . . . In the event [Jewell] does not purge himself from this contempt, then a bench warrant may be issued for his arrest and

appropriate proceedings will follow and [Jewell] will have the right to counsel. If he is unable to afford counsel, one will be appointed for him.'

Jewell's Brief at 21-22. We will address Jewell's assertions *seriatim*.

As to Jewell's first assertion, it must be pointed out that the circuit court did not incarcerate Jewell for contempt. Rather, Jewell's arrest was based upon his violation of the July 17, 2018, Agreed Order (Agreed Order). The Agreed Order was reached by the parties after Kathy had filed a motion for exclusive possession of the marital residence and for temporary maintenance. Pursuant to the Agreed Order, the parties were "restrained from any contact or communication and each shall maintain a distance of 500 feet from the other." The only exception was that Jewell would be permitted access to the farm located at the marital residence between the hours of 4:00 a.m. - 5:00 a.m. and 7:00 p.m. - 8:00 p.m., as necessary to work on the farm and care for livestock. The Agreed Order further provided that Jewell was restrained from entering the marital residence. This Agreed Order was not the result of an allegation of contempt.

A few months after reaching the Agreed Order, on October 13, 2018, Jewell was arrested and criminally charged when he was found upon the marital property outside the times designated in the parties' Agreed Order. As previously noted, Jewell was not incarcerated as the result of a circuit court order finding him in contempt. Rather, Jewell was arrested by a sheriff's deputy after Jewell was

found upon the marital property outside the designated times. The deputy reviewed the parties' Agreed Order and arrested Jewell. It should be noted that the circuit court did not find Jewell in contempt, and the court was not involved in Jewell's arrest and subsequent incarceration. Therefore, the circuit court could not have erred in this regard, and we view Jewell's contention regarding same to be without merit.

Jewell's second specific assertion relative to contempt is that the circuit court erroneously found him in contempt for failure to pay temporary maintenance without an "Order for Rule." Nevertheless, Jewell fails to recognize that on May 30, 2019, Kathy filed a motion seeking a finding of contempt for Jewell's failure to pay temporary maintenance. The contempt motion was noticed for a hearing on June 7, 2019. On June 7, 2019, the motion for contempt was passed until June 11, 2019, the date of the bench trial. Following the bench trial, an Order of Contempt was entered June 15, 2019. Any assertion by Jewell that he was not given "notice of penal sanctions" is totally without merit. Again, we find no error by the circuit court in this matter.

## APPEAL NO. 2021-CA-0061-MR

Jewell contends that the circuit court committed reversible error by denying his motion to modify maintenance. Jewell asserts the circuit court erred by determining there was not a substantial and continuing change in circumstances

-12-

following the court's award of permanent maintenance in the decree entered on August 22, 2019, to warrant a modification of maintenance. In his motion to modify maintenance, filed on September 2, 2020, Jewell maintains that Kathy received $67,500 following the sale of certain marital property and $23,000 as her share of Jewell's 401K. Jewell believes receipt of these funds constitutes a substantial and continuing change in circumstances.

The modification of a maintenance award is governed by KRS 403.250(1) and provides that "the provisions of any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." The term "unconscionable" has been interpreted to mean "manifestly unfair or inequitable." *Bickel v. Bickel*, 95 S.W.3d 925, 927 (Ky. App. 2002). And, "[e]vidence for the movant must be compelling for the trial court to grant the relief requested; the policy of the statute is for relative stability." *Id.* As an appellate court, we review the family court's decision as to modification of maintenance under an abuse of discretion standard and will not disturb the findings of fact if the findings are supported by substantial evidence. *Barbarine v. Barbarine*, 925 S.W.2d 831 (Ky. App. 1996).

In the case *sub judice*, the circuit court conducted an evidentiary hearing on November 30, 2020, and made extensive findings of fact and conclusions of law upon Jewell's motion to modify maintenance in its order

-13-

entered December 17, 2020. Therein, the circuit court pointed out that it had considered the approximate amounts Kathy would be receiving as her share from the sale of the real property and her share of Jewell's 401K when the court made the maintenance award. As a result, the circuit court determined that Jewell had not demonstrated a change in circumstance that was so substantial and continuing that the terms of the maintenance award were unconscionable. As the circuit court's findings were supported by substantial evidence and the court did not abuse its discretion by denying the motion, we conclude that Jewell's arguments concerning the denial of his motion to modify maintenance are without merit.

For the foregoing reasons, we affirm Appeal No. 2019-CA-1603-MR and Appeal No. 2021-CA-0061-MR.

ALL CONCUR.

| BRIEFS AND ORAL ARGUMENT FOR APPELLANT: | BRIEF AND ORAL ARGUMENT FOR APPELLEE: |
|---|---|
| Lisa A. DeRenard<br>Benton, Kentucky | Jennifer Sacharnoski Nelson<br>Princeton, Kentucky |