## Gray v. Gray.

Jan. 18, 1946.

R. R. Craft for appellant.

M. C. Redwine for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Reversing.

Appellant and appellee were divorced in 1936 and appellant was awarded the custody of their four children, three girls and one boy, who were then of tender years, and it was adjudged that the husband should. pay to the wife for her and the children's support $30 a month. In 1943 the wife moved the court to increase the allowance to $60 a month, and the husband countered with a motion for the custody of the children. The court adjudged that the custody of the children should stand as in the original judgment and that the husband should pay $15 a week for their support. The husband appealed and this court affirmed the judgment as to the custody of the children, but reversed it as to the allowance and directed that an allowance of $40 a month be made. Gray v. Gray, 295 Ky. 91, 174 S. W. 2d 16. In May, 1943, the husband was inducted into the United States army. For the months of May, June, July, and August, 1943, he made no payments to his former wife, but in September, 1943, she received a check for $55 from the United States Government for the support of her four children, and a check for a like amount in October, 1943. From November, 1943, to October, 1945, she received from the United States Government each month a check for $90. Of this amount $22 was deducted each month from appellee's army pay, and the remainder was contributed by the Government. Appellee was discharged from the army in October, 1945. In December, 1945, appellant filed in the old divorce case in the Clark circuit court a motion for a rule requiring appellee to show cause why he should not be punished for contempt for failing to pay the allowance of $40 a month theretofore adjudged against him. She claimed that he had failed to pay the allowance for the months of May, June, July, and August, 1943, and November and December, 1945. In his response appellee stated that during the period he served as a member of the armed forces the appellant received from the United States Government

the sum of $90 a month, of which sum $22 was furnished by him by deduction from his army pay. He asked that the allowance be reduced to $20 a month. The cause was submitted on the motion, response and affidavits of the parties. The court found that appellee had made no payments to appellant during the months of May, June, July, and August, 1943, and November and December, 1945; that while appellee was serving in the armed forces of his country the United States Government paid to appellant for the support of her four children $55 a month for the months of September and October, 1943, and $90 a month for each month from and including November, 1943, until and including October, 1945, a total of $2,270; and that appellant received from the United States Government $15 a month for two months and $50 a month for twenty-four months, a total of $1,230 more than appellee was required to pay her for the support of her children under the orders of the Clark circuit court. The judgment concluded:

"The Court orders and adjudges that defendant be given credit at the rate of $40.00 per month on his payment of child support against the said $1230.00, paid by the government, or a total of 30 3-4 months, which said credit shall cover the months of November and December, 1945, and the next succeeding twenty-four months thereafter, during which time he is relieved of making payments."

From this judgment, Eva Gray has appealed.

There is no dispute as to the facts, and only a question of law is presented. If the judgment stands, the children will receive no support from appellee until January, 1948. It was the view of the chancellor that the amount paid by the United States Government for the support of the four children in excess of the amount appellee had been directed by the Clark circuit court to pay for their support should be credited on his future payments. With this view we cannot agree. Of the monthly payments made by the Federal Government only $22 was contributed by appellee. This was $18 less than he was obligated to pay under the court order. The sum of $90 paid by the United States Government monthly was the amount which, in the opinion of the National Congress, was necessary to provide a reasonable standard of living for four children. It was the purpose

384

of the legislation that the sums granted should be spent for the benefit of the children in order to maintain that standard while their father was in military service, and not that part of it should be held and spent after his discharge. The action of the Federal Government was a fortuitous circumstance which proved advantageous to both the appellee and his children. It relieved him of part of the burden which had been imposed upon him by the court order, and it enabled the children to enjoy a higher standard of living. This court reversed the judgment of the Clark circuit court in Gray v. Gray, supra, in 1943, and directed that the allowance for the support of the children be reduced to $40 a month on the ground that appellee's net earings at that time amounted to about $18 a week, and $40 a month was the maximum amount he was able to contribute. If, instead of becoming a member of the armed forces, appellee had obtained employment in a defense plant at wartime wages, the court undoubtedly would have sustained a motion to increase the allowance. This would not have entitled appellee to have the excess over $40 a month paid by him during the period of his employment at high wages considered in fixing a reasonable allowance based on materially lower earnings. If conditions have changed materially since the entry of the order fixing the allowance at $40 a month, either as to appellee's earnings or the children's needs, the court may, on proper motion by either party, revise the order. As said in the opinion on the former appeal [295 Ky. 91, 174 S. W. 2d 18]: "The court retains control of the matter of allowances and custody of infant children, and may at any time make such order as change of conditions or circumstances warrant."

The judgment is reversed, for further proceedings consistent herewith.