## Reid v. Reid.

May 6, 1947.

Rehearing denied Jan. 27, 1948.

R. C. Littleton, Judge.

R. T. Kennard and John M. Theobald for appellant.

H. R. Wilhoit for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing in part, affirming in part.

In 1941, while the parties to this action were residents of Jefferson County, the appellee, Madge Reid, instituted an action against her husband for a divorce from bed and board and custody of their two infant

children. Eugene Reid filed an answer and counter-claim. The cause was submitted to the commissioner and his recommendation making an allowance for temporary alimony and awarding Mrs. Reid the custody of the children was approved by the court. Shortly thereafter Mrs. Reid's attorney withdrew from the case, and, so far as the record in the present case shows, the proceeding in the Jefferson Circuit Court is still pending. In August, 1943, Mr. Reid instituted this action in the Carter Circuit Court seeking a divorce from Mrs. Reid and the custody of the two children, Lovel and Joan, who were then 11 and 9 years of age respectively. On October 8, 1943, Mrs. Reid filed a motion to quash the summons and return upon the basis of the Jefferson Circuit Court record. Mr. Reid was held to be in contempt of court and ordered to pay temporary alimony as directed by the Jefferson Circuit Court. On October 29, 1943, that order was set aside. On February 7, 1944, an order was entered allowing Mrs. Reid $50 to prepare her case and $50 a month for her maintenance during the pendency of the action. An allowance of $70 a month was made for the maintenance of the children. Mr. Reid made an unsuccessful attempt to get possession of the children through a writ of habeas corpus. On April 30, 1946, Mrs. Reid withdrew her motion to quash the summons and return and asked the court to take jurisdiction of the case, which, apparently, it had already done, because on March 6th the cause was submitted for judgment by agreement of the parties. The judgment entered on that date directed that the parties be divorced from bed and board, and further:

"It is, therefore, the opinion of the court that there is not sufficient evidence in this record to enable the court to intelligently pass on the question of the custody of the children involved herein. The question of the custody of the children is reserved for the purpose of giving either party an opportunity to offer proof on their charges, if either one so desires.

"In the meantime plaintiff is adjudged to pay defendant the sum of $60.00 per month for the support of their two oldest children. This cause is continued for that purpose. Both parties except to the ruling of the Court and each is granted an appeal to the Court of Appeals."

On June 18, 1946, Mrs. Reid, through new counsel, moved the court for judgment for $3200, representing alleged unpaid accrued installments of temporary alimony, less credits to which Mr. Reid was entitled. On the 21st day of June the court entered an order directing that the cause be passed until the first day of July, 1946, at which time Mrs. Reid was to have judgment for the installments of temporary alimony in arrears unless Mr. Reid could show by proper response why such a judgment should not be entered. On July 1st an order was entered directing that Mr. Reid pay the sum of $2,080 which represented the temporary alimony for which he was in arrears, and it was directed that Mrs. Reid could have execution for that amount. The total amount of temporary alimony claimed by Mrs. Reid was credited by the sum of $764, which was paid to Mrs. Reid by the Federal Government while Mr. Reid was in service, and the further sum of $200 which Mrs. Reid said Mr. Reid had paid her.

On this appeal Mr. Reid is insisting that (1) an award for temporary alimony can be enforced only by rule and not by execution; and (2) the judgment of March 6, 1946, wherein it was directed that the parties be divorced from bed and board, that the case be kept on the docket for final determination of the question of the custody of the children and also that Mr. Reid pay $50 per month for their support was a final one and fully settled the rights of the parties, therefore the court was without authority to add to, modify or set it aside, except as provided in section 518 of the Civil Code of Practice.

On her cross-appeal Mrs. Reid is insisting that it was error to allow the credit of $764 which had been paid her by the Federal Government.

We shall dispose of the appellant's second contention first. It is contended that, since the judgment entered March 6, 1946, made no reference to the temporary alimony allowed in February, 1944, the effect of the court's ruling was that the temporary alimony was disallowed, and that if Mrs. Reid desired to question that ruling she should have sought to have that judgment modified. It may be conceded that there is some basis for this argument, but the majority of the Court

do not so construe the judgment. No reference whatever was made to temporary alimony in the judgment, and therefore it is only logical to assume that it was not the purpose of the court to rule upon that question. It has been pointed out frequently that an allowance for temporary alimony is independent of the final determination of the rights of the parties and possesses the essential elements of a final judgment. Kelly v. Kelly, 179 Ky. 586, 200 S. W. 925; Brandenburg v. Brandenburg, 246 Ky. 546, 55 S. W. 2d 351; Ahrens v. Ahrens, 299 Ky. 497, 185 S. W. 2d 694. It follows, therefore, that the court properly considered Mrs. Reid's motion wherein she raised the question.

In insisting that an award for temporary alimony can be enforced only by rule and not by execution, the appellant relies upon the case of Ford v. Ford, 230 Ky. 56, 18 S. W. 2d 859, 861. Section 424 of the Civil Code of Practice provides: "During the pendency of an action for divorce or alimony, the court may allow the wife maintenance, and enforce the payment thereof by orders and executions and proceedings as in cases of contempt."

In the Ford case an execution was issued for both temporary and permanent alimony. In commenting upon the ruling of the lower court in quashing the execution on the allowance for temporary alimony, it was said: "The court did not err in quashing the execution issued on the order making Polly Ford an allowance pendente lite. Though an execution may properly issue upon a judgment awarding the wife a sum in full of alimony, and all claims under a contract for maintenance (Harrison v. Harrison, 146 Ky. 631, 143 S. W. 40), the same rule does not prevail with respect to temporary allowances payable monthly during the pendency of the action for divorce. Such an allowance can be enforced only by rule. Gerrein's Adm'r v. Michie, 122 Ky. 250, 91 S. W. 252, 28 Ky. Law Rep. 1193. See, also, Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093."

Mrs. Reid contends that the ruling in the Ford case is in conflict with the provisions of section 424 of the Civil Code of Practice. We take a different view, however. The wording of the Civil Code of Practice is

that such an allowance may be enforced "by orders and executions and proceedings as in cases of contempt." Contempt proceedings are enforced by rule and not by execution. Mr. Reid was served no notice of Mrs. Reid's motion to be awarded the temporary alimony in arrears. It is true that his attorney appeared in court, but he appeared for the purpose of objecting to the court taking the case under consideration until Mr. Reid was notified. Mr. Reid was entitled to notice, and it was improper to issue an execution. As said in the Ford case, the proper procedure was by rule. Had Mr. Reid been brought before the court by rule and a judgment entered thereon we would be presented with an entirely different question.

Mrs. Reid relies upon the Ahrens case, supra, and the case of Lochnane v. Lochnane, 78 Ky. 467, wherein it was said that an award for temporary alimony possesses the essential elements of a final judgment and may be enforced by rule or execution; but in neither of these cases was the specific question raised as was done in the Ford case. It follows from what has already been said that we think the Ford case is controlling here.

In insisting that the court erred in allowing Mr. Reid credit for the amount paid her while he was in service, Mrs. Reid relies upon the recent case of Gray v. Gray, 301 Ky. 381, 192 S. W. 2d 102. The Gray case, however, presents a different state of facts. In that case it was held that the husband, who was a discharged soldier, was not entitled to a credit on future monthly payments for the support of his minor children under a divorce decree for the amount received by his wife from the Federal Government for the support of the children, while he was in the army, in excess of the monthly payments which he was required to pay under the divorce decree. In the case at bar the court allowed an offset for the payments of $120 per month which was made by the Federal Government to Mrs. Reid, which amount was the same as the temporary allowance made by the court in February, 1944. There was no argument advanced that the amounts paid by the Federal Government should have been allowed as future credits, and further the court still had jurisdiction of the question of temporary alimony. Therefore,

it was within his discretion to make a final determination of the question. Under the circumstances we are not disposed to disturb his ruling on the cross-appeal.

For the reasons heretofore set forth the judgment is reversed on the appeal and affirmed on the cross-appeal, with directions to set it aside and for proceedings consistent with this opinion.