
# Wells v. Wells.

October 15, 1948.
Rehearing denied January 14, 1949.

Claude E. Smith for appellant.

Otto C. Martin for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing in part, affirming in part.

In this action the husband was granted an absolute divorce, the wife was ordered to convey a house and lot to her children, and it was adjudged the husband contribute $62.50 per month toward his children's support. The wife on this appeal objects to the judgment in its entirety, and the husband cross-appeals from so much as directs a conveyance of the real estate to his children rather than to him.

The parties were married in 1931 and are the parents of five children. They had led a normal married life up until the time the husband was inducted into the Navy on January 29, 1944.

The husband testified that while overseas in 1945 the letters from his wife became few and far between.

He stated that she advised him by letter that she did not care to live with him any longer and was desirous of obtaining a divorce. Upon his return on terminal leave in December 1945, he was not cordially received. Since December 1944 the parties had not lived together as husband and wife.

Soon after his return he filed this suit alleging as grounds for divorce misconduct on the part of the wife, abandonment, and cruel and inhuman treatment. The divorce was granted on the ground of abandonment.

The principal controversy revolves about a residence which the wife purchased while her husband was in the armed services. During that period she received by way of allotment from the Federal government the sum of $160 a month. $50 of this amount she received as the wife, and $110 was paid her for and on behalf of her five children. See 37 U. S. C. A. sec. 201 to 221.

In the summer of 1945 the wife purchased a dwelling house in her own name and eventually paid for it the sum of $1200. It is admitted that she had no income or property of her own, and that this house was paid for entirely out of the allotment funds received from the Federal government.

Section 425, Kentucky Civil Code of Practice, provides in part:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; * * *."

KRS 403.060, subsection 2, provides substantially the same.

The husband insists this residence was obtained through him as the husband during marriage and by reason thereof, and the wife contributed nothing of her own to the purchase price of this property. The wife contends the money paid by the Federal government was not the husband's money, and instead of using it for rent, she could very properly spend part of it to purchase a home.

In Gray v. Gray, 301 Ky. 381, 192 S. W. 2d 102, we

held that where an allotment made to an ex-husband's wife and children exceeded the amount he had been ordered to pay for their support, he was not entitled to credit for the excess on future payments that might become due. This decision recognized that allotments paid by the Federal government were contributions to be expended for the maintenance of a service man's wife and family, and the husband was not entitled to receive or to be given credit for these funds. Clearly this type of allowance does not come "from" the husband.

On the other hand, it cannot be said that this allotment for maintenance comes "through" the husband. The federal law, 37 U. S. C. A. secs. 201, 204, is a direct grant to the dependents of an enlisted man. The money is not appropriated to him or for his benefit. He has no right to direct or control its expenditure. Since he would not be entitled to a return of allotment money saved by his wife, he would not be entitled to a restoration of the property in which these funds are invested.

The Chancellor therefore properly refused to restore the dwelling house to appellee's husband. However, he was not authorized in this proceeding to make an adjudication affecting the children's rights, if any, to this property, since those children are not parties plaintiff or defendant. Insofar as the judgment directed the wife to convey the property to her children, it is erroneous.

The wife contends that she was actually entitled to the divorce, and that she should be awarded alimony. The evidence amply supports the Chancellor's determination of this issue.

The final contention of the wife is that the allowance of $62.50 a month for the children's maintenance is inadequate. Since the husband's net earnings at the time the evidence was heard amounted to not more than $110 a month, we do not believe that he is in a position, unless the circumstances have changed, to contribute more to his children's support. In this respect the Chancellor's decision was correct.

For the reasons stated the judgment is reversed in part on the original appeal and affirmed on the cross-appeal, with directions to enter a judgment consistent with this opinion.