**Zelda HONAKER, Appellant,**

**v.**

**J. B. HONAKER, Appellee.**

Court of Appeals of Kentucky.

Feb. 19, 1960.

Charles E. Lowe, Pikeville, for appellant.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellee.

WILLIAMS, Judge.

Appellant, Zelda Honaker, and appellee, J. B. Honaker, were divorced in 1949. Appellant was awarded custody of their six-year-old daughter for nine months each year and appellee was awarded custody for the remaining three months. In accordance with an agreement entered into between the parties the court ordered the

father to pay the mother $50 each month she had custody of the child and further, in accordance with said agreement, the father deeded the home place, worth about $25,000, to the child subject to his life estate.

In 1959, the father filed a motion to re-docket and modify the judgment in the circuit court, which motion was sustained. An order was entered modifying the judgment to the extent that the father is required to pay the mother the sum of $54 per month, which is to be satisfied by a Social Security check received each month for the support and maintenance of the child until she is 18 years of age. Thereafter maintenance and support by the father shall revert as provided in the original judgment. The mother has appealed from that order on the ground that the child's needs are greater and conditions have changed to such an extent that she is entitled to $50 per month in addition to the $54 Social Security check.

Following the divorce in 1949, the mother remarried. The facts show that she and her present husband have a 1956 Buick automobile, and, in addition, she has purchased a foreign sports car which she says will belong to the child when she becomes 21 years of age. The father has also remarried, and, apparently, is living most of the time in Florida. The father is now 69 years old, has retired from work and has an income of approximately $300 per month. At the time of the divorce his income was approximately $800 per month. Further, the father is in poor health and unable to work.

The circuit court having considered the conditions as they exist at the present time has seen fit to sustain the father's motion that the monthly payment of $54 be substituted for the prior requirement of payment of $50 per month for nine months in each year. Thus, on the father's own motion, the total yearly payment has been increased. Although the $54 payment will come by virtue of a Social Security check,

nevertheless it will inure to the benefit of the child. We have held that a monthly allowance by the Federal Government for the support of a minor child of a soldier would relieve the soldier of that much of the burden which had been imposed upon him by court order. Gray v. Gray, 301 Ky. 381, 192 S.W.2d 102. Although we recognize that this child is now 16 years of age and her expenses have necessarily increased in the past 10 years, nevertheless it is evident that the father's income has decreased by approximately 50 per cent. In addition, the child is well cared for by her mother, who is much younger than her father, and is in a position to and does provide adequate maintenance for the child. In this instance there is ample evidence to sustain the finding of the court. We will not set aside a judgment of this character unless it is clearly shown that such judgment is not supported by the evidence. Stone v. Stone, Ky., 275 S.W. 2d 910.

The judgment is affirmed.