**Margaret Gladys ROBINSON, Appellant,**

v.

**Edward ROBINSON, Jr., Appellee.**

Court of Appeals of Kentucky.

Dec. 14, 1962.

**112**

Clay Shackelford, Shackelford & Burnam, Richmond, for appellant.

George W. Robbins, Robbins, Robbins & Robbins, Richmond, for appellee.

PALMORE, Judge.

This is a divorce case in which the wife (appellant) was awarded an absolute divorce, custody of her two small children, and $20 per week "as alimony for herself and as maintenance and support for her two children." Though it involves the technical points hereinafter mentioned, the main thrust of her appeal is directed to the inadequacy of the monetary award.

In his complaint the husband (appellee) conceded custody of the children to the wife and stated that he would make reasonable payment for their support. The wife counterclaimed and caused a general order of attachment to be levied on an automobile, truck, and certain intangibles. During the course of the proceeding the trial court, without written motion and grounds and for what reason we can only guess, discharged the attachment. The wife's motion to try the case on depositions, rather than in accordance with a rule of practice of the Madison Circuit Court requiring that all divorce actions be tried orally unless otherwise directed by the court, was eventually overruled by an order reciting that the rule "precludes either party to a divorce action from taking depositions for any purpose whatsoever unless the court in its discretion otherwise directs," etc.

The husband did not testify, but departed the state and took up residence in Florida. The award of $20 per week was based on testimony to the effect that immediately prior to this departure he had been employed by his stepfather for $60 per week.

Since we do not know whose depositions appellant intended to take in order to discover or prove the amount of her husband's property and earnings, there is of course no need to consider the applicability of Wiglesworth v. Wright, 1954, Ky., 269

S.W.2d 263, to this case. However, the circuit court cannot make or so construe a local rule as to be in conflict with the Civil Rules. CR 43.04(1) applies to *trial* by deposition. It does not authorize the court to prohibit *pre-trial* depositions permitted by Rule 26. An order preventing discovery depositions deprives the party of an opportunity to explore for the proof that may be necessary to sustain his case, and without knowing what evidence might have been thus developed we must presume a prejudicial effect. Otherwise, the complaining party could have no redress for the loss of a patently valuable right.

■ It may be that information developed in the course of pre-trial conference gave the court reason to conclude that no prejudice would result from denial of the right to discovery. However, counsel for appellant could not have known in advance whether exploratory depositions would lead to the production of material and helpful evidence. One of the most difficult aspects of a divorce proceeding is the determination of the financial status of one or both of the parties. We do not suggest that there was a calculated concealment here, but if so it would hardly be unusual to this type of case. Certainly it is obvious that the appellee wanted to get his freedom and leave the children in the appellant's care with as little responsibility as possible on his part. Had he been inclined to show good faith he could have done so by making a frank and honest disclosure of his financial situation. Instead, he left the state and chose not to testify. Under these circumstances we think the right of discovery was vital. On remand of the case appellant should be given reasonable time and opportunity to avail herself of it.

■ In discharging the attachment the court was acting within its jurisdiction, however erroneous that action may have been. Thus the order was not void, and could not be set aside nunc pro tunc, or ab initio, as appellant suggests. Moreover, it would be impossible to restore the status quo even if we ordered it to be done. From a practical standpoint, the attachment question appears to be moot. But for the guidance of counsel and the court in the future course of the proceeding, CR 7.02, in referring to oral motions during the course of a trial or hearing, means motions that are incidental to the trial or hearing itself, and which arise in such a manner that the preparation of a written application is impracticable. A hearing does not provide the occasion for an intermission or holiday during which the requirement of written motions is suspended. A motion to discharge an attachment must be in writing.

In Brandenburg v. Brandenburg, 1932, 246 Ky. 546, 55 S.W.2d 351, evidence was heard on the motion to discharge, but was not transcribed and made a part of the record on appeal. The clerk's certificate in the case now before us indicates that the transcript covers the proceedings. If other things said and done along the way were not important enough to put in the record, they do not count.

■ $20 per week for the support of two children is clearly insufficient, even if the appellee earns but $60 per week. Though a father's earnings are always an important factor to be considered in fixing the amount of support payments, it must be remembered that the law holds him responsible for the maintenance of his children regardless of how little he earns. This obligation does not come from the court, and for that reason the court cannot exempt him from it, wholly or in part. To the extent that a court purports to reduce a parent's obligation below the minimum amount required for the support of his child it acts within an area of questionable jurisdiction. In the case of an able-bodied father we think the trial court must first determine the minimum amount that is necessary for the decent support of his children, which amount at least must be paid regardless of his earnings. Should he prove unable to comply, mitigating circumstances addressed to the court in defense of contempt proceed-

ings will provide sufficient relief against oppression.

We cannot fix the minimum amount necessary to the support of appellant's two children, except to say that $20 per week is not enough. Further proceedings may reveal what the appellee has earned during the interim since the judgment. If not, we think it is fair to say that if he does not see fit to make a full disclosure the court will be justified in concluding that he is able to provide whatever his children reasonably require.

Reversed for further proceedings consistent with this opinion.