**Jo Ann ALTMAN, Appellant,**

v.

**Joseph ALTMAN, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

J. Wood Vance, Jr., Glasgow, for appellant.

Morris Butler, Greensburg, for appellee.

PALMORE, Judge.

Jo Ann Altman (now Ramsey) appeals from an order overruling her motion for an increase from $40 per month to $120 per month in the amount of payments her former husband is required to make for the support of their two children.

The parties were divorced in 1961. The children (now 11 and 7 years old) were awarded to the father, but an agreed order in 1963 transferred custody to the mother and directed Joseph to pay $40 per month for the support of the younger child and Jo Ann to support the older child. The motion for an increase giving rise to the present controversy was filed in August of 1966.

Both Jo Ann and Joseph have remarried. Jo Ann has one child by her present husband, Danny Ramsey, and Danny has a child by a former marriage, so that there are four children in the Ramsey home. Ramsey is totally disabled and does not work. He is drawing social security and workmen's compensation in the respective amounts of $272 and $152 per month. Social security in the amount of $38 per month is received for each of the two Altman children, but it is not clear from the evidence whether this $76 is part of the $272 or is over and above it. Apparently the social security and workmen's compensation payments comprise the Ramseys' entire income.

Joseph Altman and his wife live in a 4-room house trailer in Green County. They have no children. She is employed and earns $80 bi-weekly. He is a cement finisher and concrete contractor. He owns the trailer, a truck, four tile machines and various hand tools. He owes $1400 on the truck, $4500 on the trailer, and an unspecified amount on the tile machines. When he is working on a contract he figures to make $30 per day after labor costs but before other expenses. In the period of eight months preceding the hearing in September of 1966 he says he grossed $10,800 against costs of $9,700, leaving a net $1100 for living expenses. Pressed on cross-examination, he offered to make his records available for inspection, but he did not have them with him and counsel for Jo Ann made no further efforts to have them produced.

According to the testimony of both parties, Joseph actually has been paying Jo Ann $50 per month for the children, and he says that he has paid various medical bills and other items of expense for them.

The trial court overruled the motion without making specific findings of fact.

It was held in Robinson v. Robinson, Ky., 363 S.W.2d 111 (1962), that $20 per week is not sufficient for the support of two children and that the duty imposed by law upon a father to provide at least the minimum amount required for the support of his children is an obligation from which the courts have no authority to relieve him. The minimum amount so required, however, depends on the circumstances of the case, including, for example, the economic situation to which the parties are accustomed. Certainly the amount of support received from outside sources such as social security also is one of the circumstances to be taken into account in determining what is required of the father. Hence in this case we are of the opinion that the governmental contribution of $76 per month could properly have been, and no doubt was, considered by the trial court as in the nature of a credit toward the minimum support otherwise owed by the father.

Altman did not, as in the *Robinson* case, seek to conceal his financial status. Counsel had the opportunity of having him produce his records and, having declined to do so, is stuck with the bare testimony appearing in the record. From that evidence there is no reasonable basis to conclude that Altman has a net income greater than $1650 per year ($1100 for eight months).

Added together, the payments ordered by the court and the social security benefits total $116 per month. We do not say

that would be enough for two school-age children if the father were fairly able to make it more. On the other hand, neither can we hold it was clearly erroneous for the trial court to say it is enough to meet the minimum under the circumstances of the case. Cf. Gamblin v. Gamblin, Ky., 354 S.W.2d 504, 505 (1962).

The order is affirmed.

All concur.