**Sarah Rita CHANDLER et al., Appellants,**

v.

**Glenn CHANDLER, Appellee.**

Court of Appeals of Kentucky.

May 24, 1968.

Douglas E. Robertson, Allender, Simmons & Robertson, Bowling Green, James S. Secrest, Sr., pro se., Scottsville, for appellants.

Frank Goad, Scottsville, for appellee.

DAVIS, Commissioner.

The present appeal unfolds a sequel to a domestic relations controversy which reached this court and was passed upon in Chandler v. Chandler, Ky., 408 S.W.2d 641. It will be noted that in the cited opinion we directed the chancellor "to reconsider allowances made, with the view to making them more favorable to the appellants."

Upon remand of the case, the chancellor heard further testimony and considered additional arguments after which he entered "Judgment on Mandate" on April 13, 1967. In substance, the Judgment on Mandate, which is now on appeal, provided that the appellant wife and her minor son should have the continued separate use of a residence until January 1, 1968; that the appellee husband should pay to the wife $200 per month " * * * for maintenance, care, education and support of herself and the minor child of the parties, * * *, the first payment of $200.00 to be due on or before February 1, 1967 and a like payment of $200.00 * * * on or before the 5th day of each calendar month through December 1967, or until the remarriage of the [wife] should this occur prior to January 1, 1968." The judgment further provided that after January 1, 1968, the husband should pay "only $50.00 per month" for the support of the minor child plus all reasonable "doctor bills" required for the child. The chancellor increased the allowance to the attorney for the wife from $300 to $500. The judgment directed the wife to execute and deliver to the husband a deed divesting herself of all claim in the residence, but awarded the wife all of the furniture and furnishings in the residence.

Reference is made to the first opinion in this case (408 S.W.2d 641) for general

factual background. The judgment which was reversed on the first appeal is not detailed in the opinion on that appeal. In substance, its provisions were that the husband should pay $25 per week for the maintenance of the minor child and the wife, to continue until such time as the wife should obtain a college degree or become self-supporting, but in no event longer than June 1967, with the provision that then the matter of child support should be reconsidered. The first judgment also provided that the wife and child should occupy the residence and have use of the furnishings in it until June 1967, unless the wife obtained a college degree or became self-supporting before that time. The husband was directed to defray the utility bills and pay the residence mortgage installments during the wife's occupancy of the residence. The wife was directed to deed her interest in the residence to the husband. There were certain other provisions of the original judgment which are not pertinent here.

It was shown that the wife has been attending college in order to qualify herself for employment as a teacher. At the hearing which culminated in the judgment now before us, she testified that she expected to obtain her degree in January 1968, but that she could not expect to obtain full-time employment as a teacher until September 1968; there was no countervailing proof on this. The wife explained that she has been required to incur indebtedness for her tuition and other school expenses.

The husband reported earnings as a plumber at the rate of $3.75 per hour for a forty-hour week and testified that he could and did work overtime at an increased rate. As noted, the chancellor has found that $200 per month represents a reasonable sum for the husband to pay and for the wife and child to receive. The fixing of January, 1, 1968, as the date for reduction of those payments from $200 to $50 per month appears unwarranted in the face of the record. Although we are loath to disturb a chancellor's conclusions, we are impelled to do so when it appears that an abuse of judicial discretion has occurred. Considering the views expressed in Robinson v. Robinson, Ky., 363 S.W.2d 111; Clark v. Clark, Ky., 425 S.W.2d 745; and the cases discussed in those opinions, it is our conclusion that the chancellor erred in directing that the payments be reduced from $200 per month to $50 per month effective January 1, 1968. It is our view that the payments of $200 per month should continue during the minority of the child of the parties or until there is demonstrated a change of condition warranting an adjustment of the payments upward or downward.

As respects the allowance of a fee for the wife's attorney who is properly here as an appellant, we are unable to say that the chancellor has abused his discretion in fixing the allowance at $500. We recognize, as did the chancellor, that the allowance is a modest one; but in light of the economic situation of the parties and the extent of professional services required in the litigation, the sum allowed for the attorney in the proceedings prior to this appeal is approved.

The judgment is affirmed insofar as it relates to the allowance of the attorney's fee and is reversed insofar as it relates to the fixing of maintenance payments for the appellant wife and minor child, with directions to enter a new judgment in conformity with the opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.

OSBORNE, J., dissents.

OSBORNE, Judge (dissenting).

If the chancellor abused his discretion, then our chancellors must have precious little discretion. The practice of this court

in reversing trial courts in divorce and alimony cases is deplorable. It only serves to destroy the confidence of the people in their judicial system and embarrasses the members of the trial bench when they are honestly and conscientiously attempting to do justice between the parties before them. The trial judge is always in a better position to know where equity lies in matters of this nature than are we. We should be sufficiently tolerant of their decisions and give them a latitude of judgment commensurate with the office which they hold.

For these reasons and the reasons stated in the dissent in Clark v. Clark, Ky., 425 S.W.2d 745, handed down March 1, 1968, I respectfully dissent.