**Thomas J. ROBERTS, Executor, Estate of Anna J. Roberts, Petitioner,**

v.

**W. R. KNUCKLES, Judge, Bell Circuit Court, Respondent.**

Court of Appeals of Kentucky.

June 7, 1968.

Thomas J. Roberts, Middlesboro, for petitioner.

W. R. Knuckles, Circuit Judge, Pineville, Robert Berger, Grant F. Knuckles, James S. Wilson, Pineville, for respondent.

CULLEN, Commissioner.

Thomas J. Roberts, executor of the estate of Anna J. Roberts, deceased, is the plaintiff in a malpractice action against Dr. Frank T. Smith and the Appalachian Regional Hospital, in which it is claimed that Anna's death was caused or contributed to by the negligence and malpractice of the defendants. He moved for an order of discovery requiring the defendants to produce their medical records relating to Anna, for his inspection and copying. The circuit court denied the motion, whereupon Roberts instituted the instant original proceeding in this court, seeking an order of mandamus directing the circuit judge to grant the desired discovery.

Petitioner has not shown why the remedy by appeal from such judgment as may be entered in the malpractice action will not be adequate. Accordingly this case is governed by Bryan v. Trimble, Ky., 275 S.W.2d 66; Barker v. Breslin, Ky., 329 S.W.2d 578; Ison v. Bradley, Ky., 333 S.W.2d 784; Swaim v. Reid, Ky., 342 S.W.2d 687, and Mayer v. Bradley, Ky., 401 S.W.2d 224, in each of which cases this court declined, because of adequacy of remedy by appeal, to issue an original order to control a trial court's disposition of a motion for discovery.

It is true that in Bender v. Eaton, Ky., 343 S.W.2d 799, this court did grant prohibition, but there the circuit court had *granted* discovery and there was a showing that the injury which the defendants might sustain from being required to disclose their records could not be rectified by a reversal on appeal, because the information obtained by the plaintiffs through the discovery could not be recalled from them. We have no comparable situation in the instant case. If the trial court erred in denying discovery, and upon appeal from the final judgment in the action there is a reversal for such error, the plaintiff then will be able to obtain and receive full benefit from the desired information.[1]

The petition is denied.

All concur.

---

1. As to whether an error in this respect would be prejudicial so as to warrant a reversal, see Robinson v. Robinson, Ky., 363 S.W.2d 111.