Marvella Binion BARKER (Now Marvella Smith), Appellant,

v.

Arthur F. BARKER, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1971.

**702**

———◆———

Gary L. Littleton, Grayson, for appellant.

Arthur F. Barker, pro se.

STEINFELD, Judge.

Appellant Marvella Binion Barker was granted a divorce from Appellee Arthur F. Barker on February 7, 1961. In the decree it was adjudged that Arthur pay to Marvella $25.00 per month for the care and maintenance of their daughter, Tauwanta Felice Barker, then 5 years of age. In August 1970 Marvella sought to have the maintenance for Tauwanta increased to $60 per month. After an evidentiary hearing the application for an increase was denied; whereupon, Marvella appeals. We reverse.

The parties, following CR 76, have aided us by supplying an agreed statement setting forth facts proved in the trial court. Among other things it reveals that Tauwanta is a junior high school student residing with her mother and her step-father and that the expenses of maintaining Tauwanta have substantially increased since the original award was made. It shows that at the time of the application for the increase Arthur was receiving $200 per month as compensation for a military service-connected disability and that as a night watchman he earned $1.60 per hour, working every other night. Arthur admitted that from time to time he had done certain odd jobs but that none of them lasted very long. He claimed that he was unable to work and bolstered that statement by the introduction of a "doctor's statement".

Appellant forcefully argues that the failure to grant the demanded increase was error. No specific guidelines can be stated for child support cases because of the multitude of variables. Here appellee has filed no brief; therefore, we will be guided by RCA 1.260(c), which provides that we " * * * may (1) accept the appellant's statement of the facts as correct;". One of those statements, not contained in the agreed statement of facts, is that $60 per month is required for Tauwanta's support and that her father can reasonably pay that amount. It appears to us that $25 per month out of the father's income is inadequate and that $60 per month is the amount which he should pay. See, for example, Altman v. Altman, Ky., 411 S.W.2d 459 (1967); Robinson v. Robinson, Ky., 363 S.W.2d 111 (1962); Honaker v. Honaker, Ky., 332 S.W.2d 550 (1960); Nichols v. Nichols, Ky., 261 S.W.2d 676 (1953), and Kentucky State Bar Journal, Vol. 35, pages 9 and 10, April 1971.

The judgment is reversed for the entry of an order consistent with this opinion.

All concur.