# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: NOVEMBER 2, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000080-MR

WILLIS WILSON                                APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                           2016-CA-001754-OA
FAYETTE CIRCUIT COURT NO. 10-CI-00313

HONORABLE JAMES D. ISHMAEL              APPELLEE
JUDGE, FAYETTE CIRCUIT COURT

AND

LOGAN ASKEW, LESLYE BOWMAN,       REAL PARTIES IN INTEREST
LISA SMITH, GLEN MILLS, ESTEVA
CAISE-DRAGGS, FRANCES SHORT,
LEXINGTON-FAYETTE URBAN COUNTY
GOVERNMENT, LEXINGTON-FAYETTE
URBAN COUNTY CIVIL SERVICE
COMMISSION

### MEMORANDUM OPINION OF THE COURT

### <u>AFFIRMING</u>

This matter is before the Court on appeal from the Court of Appeals'

denial of a writ of mandamus that would have compelled the Fayette Circuit

Court to vacate an order denying Willis L. Wilson's request to depose David

Enlow, counsel for the Lexington-Fayette Urban County Civil Service

Commission (CSC). Finding no basis for the issuance of a writ, we affirm.

## RELEVANT FACTS

The current writ action has its genesis in an employment dispute dating back to 2009. Lexington-Fayette Urban County Government (LFUCG) employed Willis L. Wilson as an Attorney Senior. In July 2009 the LFUCG Department of Law brought charges before the CSC against Wilson for inefficiency and insubordination in violation of the Uniform Discipline Code within the scope of Kentucky Revised Statute (KRS) 67A.280 and Section 21-44 of the Lexington-Fayette County Code of Ordinances. LFUCG sought Wilson's dismissal. After hearing from four witnesses, including Wilson, the CSC issued a one-paragraph opinion which stated merely that, having heard the testimony and considered exhibits, it found "in favor of [LFUCG] and unanimously sustains the termination of W.L. Wilson."

Wilson brought suit in circuit court challenging his dismissal on the ground that it was arbitrary. The circuit court found Wilson was entitled to a quasi-trial *de novo* and after conducting one concluded the CSC had not acted arbitrarily and thus sustained Wilson's dismissal. On appeal the Court of Appeals, in a 2-1 decision, reversed and remanded because the CSC had not made the necessary findings of fact. The remand was specifically so that the CSC "may make appropriate factual findings to support its decision based upon the evidence it had before it when it rendered its decision." The dissenting judge found substantial evidence of record supporting the CSC's decision to sustain Wilson's termination and would have affirmed.

2

At the time the case made its way back to the CSC, only two of the original commissioners who had heard the proof in 2009 were still serving. The CSC retained an attorney, David Enlow, to review the transcript of the original proceeding and submit proposed findings of fact and conclusions of law. In March 2015, the CSC ultimately adopted those proposed findings and conclusions as its own and reiterated its prior ruling sustaining Wilson's termination[1]. Wilson again appealed to circuit court. At this point, Enlow was also serving as CSC's counsel in the matter and the circuit court denied Wilson's request to disqualify Enlow as counsel as well as a later request to add him as a party to the appeal. Eventually, in a terse five-line order, the circuit court denied Wilson's motion to take Enlow's deposition.[2]

Insisting that Enlow might have pertinent information and that the denial of his deposition could not be remedied on appeal and would cause immediate and irreparable injury, Wilson sought both intermediate relief and a writ of mandamus in the Court of Appeals. Both were denied. The Court of Appeals emphasized that the order denying Enlow's deposition was an interlocutory order and that an eventual appeal from the final circuit court

---

[1] LFUCG represents that Wilson deposed the four members of the CSC who voted on his case, inquiring about the retention of Enlow, his preparation of proposed findings of fact and conclusions of law and the CSC's adoption of those findings and conclusions.

[2] The court's brief order refers to grounds "stated by the Court at Motion Hour on September 30, 2016." Because the record before us does not contain videotape or a transcript of that proceeding it is unclear exactly why the court denied Wilson leave to depose Enlow, although all parties to this matter reference the attorney-client privilege.

3

order was an adequate remedy. Additionally, the Court concluded there was no evidence of great and irreparable injury flowing from the order denying discovery.

On appeal to this Court, Wilson maintains that he will be irreparably harmed by operation of Kentucky Rule of Evidence (KRE) 103 because the circuit court's order deprives him of the ability to make an offer of proof. He further insists that Enlow's testimony could reasonably be expected to establish that the findings of fact and conclusions of law entered by the CSC were in fact Enlow's rather than the CSC's.

## ANALYSIS

A writ is an extraordinary remedy and consequently this Court has always been cautious in granting such relief. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). As often explained, when a circuit court has jurisdiction but is alleged to be proceeding erroneously, mandamus is generally not available unless the petitioner has no adequate remedy by appeal or otherwise and the petitioner will suffer great and irreparable injury if relief is denied. *Id.* at 801. In *Bender*, the Court noted that this "practical and convenient formula" can be applied even before the reviewing court decides whether the lower court has acted erroneously. *Id.* As for trial court rulings regarding discovery, in *Inverultra, S.A. v. Wilson*, 449 S.W.3d 339, 345 (Ky. 2014), this Court observed that such rulings are generally not subject to mandamus review, although we have departed from that general rule where an order

4

*granting or compelling* discovery would invade a privilege or important privacy interest.

This case clearly falls squarely within the general rule that a lower court's discovery rulings will not be disturbed by the issuance of a writ. Wilson maintains that because he has been denied leave to depose Attorney Enlow he cannot comply with KRE 103. That rule entitled "Rulings on Evidence" provides in pertinent part:

> (a) **Effect of erroneous ruling**. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and
>
> \* \* \* \* \*
>
> (2) **Offer of proof.** If the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

By its very terms, this rule applies to the admission or exclusion of evidence and it allows for the possibility of an offer of proof which, as Appellee LFUCG notes, can be simply a statement by counsel as to the substance of the excluded evidence. ROBERT LAWSON, THE KENTUCKY EVIDENCE LAW HANDBOOK 29 (5th ed. 2013) ("In 2007 . . . the Supreme Court amended Rule 103 to allow for the use of the "proffer" (a statement by counsel in lieu of testimony from a witness) to preserve error for an improper exclusion of evidence.") If KRE 103 applied, the remedy for Wilson's denied request is apparent, *i.e.,* make a proffer as to the anticipated substance of Enlow's testimony. However, this rule is not really implicated by the underlying discovery ruling. Although denying Wilson leave to depose Enlow may deprive him of evidence he would like to offer, the ruling is in essence an order denying discovery, not excluding evidence.

5

In *Inverultra*, we reviewed our mandamus law generally regarding denial of discovery and then addressed the only two "outliers" where a higher court intervened by writ due to a denial of discovery: *Volvo Car Corp. v. Hopkins*, 860 S.W.2d 777 (Ky. 1983) and *Rehm v. Clayton*, 132 S.W.3d 864 (Ky. 2004). 449 S.W.3d at 345-47. We concluded that both cases were confined to their specific facts. In *Volvo* there was an exigent need for discovery, a "specific risk of information loss outside the ordinary" and in *Rehm* the petitioner had been denied all discovery whatsoever pending the appeal of a related case. *Id.* at 347. Inverultra had no such facts—it had not been denied all discovery and it had not identified an exigent situation where crucial information would be lost in the absence of a writ—so we concluded "its appeal remedy [was] wholly adequate." *Id.* Moreover, the writ standard requires proof of "great injustice and irreparable injury." *Hoskins v. Maricle*, 150 S.W.3d 1, 19 (Ky. 2004). Even if the adequacy of the appeal remedy was questionable, Inverultra had only general speculation on this element, certainly no evidence of "incalculable or ruinous injury". *Inverultra*, 449 S.W.3d at 348.

The denial of Wilson's motion to depose Enlow is a similarly inadequate basis for the extraordinary remedy of a writ. If the trial court erred, the error can be reviewed on appeal of the trial court's final order. *Roberts v. Knuckles*, 429 S.W.2d 29, 30 (Ky. 1968) (citing cases where court denied writ "to control a trial court's disposition of a motion for discovery" due to the adequacy of remedy by appeal). Wilson can continue his objection at any trial or hearing, and additionally invoke KRE 103 at the appropriate time by making to the best

6

of his ability a proffer regarding what Enlow could and might provide if Wilson were allowed to depose him. Given the adequacy of an appeal, it is unnecessary to address Wilson's inability to identify any great injustice or irreparable harm flowing from the trial court's order.

For the foregoing reasons, we affirm the Court of Appeals' denial of Wilson's petition for a writ of mandamus in this matter.

All sitting. All concur.

COUNSEL FOR APPELLANT:

William C. Jacobs

COUNSEL FOR APPELLEE:

James D. Ishmael, Jr., Judge
Fayette Circuit Court

COUNSEL FOR REAL PARTIES
INTEREST:

Barbara Ann Kriz
Kriz, Jenkins, Prewitt & Jones, P.S.C.

7