RENDERED: JUNE 14, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0075-MR

BRANDON FITZGERALD                          APPELLANT

                   APPEAL FROM BALLARD CIRCUIT COURT
v.            HONORABLE TIMOTHY A. LANGFORD, JUDGE
                       ACTION NO. 20-CI-00066

JARON SHAFER; PAYTON CARTER
(NOW HOLMES); AND SHANE
CARTER                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Brandon Fitzgerald appeals the Ballard Circuit Court's

December 22, 2022, order denying his motion to transfer venue of the child

custody proceedings and finding him in violation of the court's custody orders.

After careful review of the briefs, record, and law, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Brandon and Payton Carter are the parents of the minor child subject of the underlying action, born in 2017. In 2020, Jaron Shafer, Payton's former paramour, petitioned the court for custody. After finding that Jaron was the child's fictive kin, in March 2021, the court granted joint custody to Jaron and Payton and established a visitation schedule for Jaron. By a May 9, 2022, order, joint custody was modified to include Brandon, and he was designated as the child's primary residential custodian. Additionally, due to substance abuse allegations, all three parties were ordered to submit to a hair follicle drug test, and Jaron's visitation was temporarily suspended pending the resolution of criminal charges pertaining to drugs and alcohol. Jaron was granted supervised visitation in July 2022.

In October 2022, Jaron filed a motion for the court to restore his prior visitation schedule, and Brandon filed a motion to transfer the proceedings to McCracken County as a more convenient forum. The motions initially came before the court on November 4, 2022. On that date, the court entered an order modifying the terms of Jaron's supervised visitation and set the motions for a hearing on the 28th of that month.

Before the hearing was held, Brandon filed a notice of his intent to deny Jaron and Payton's timesharing. He attested therein that Jaron and Payton's failure to submit their drug screen results indicated they were using illegal

substances again, that they had "exhibited disturbing behavior in the last few weeks[,]" and that one or both of them had made a false police report against him and the child's great-grandmother right after Jaron's visit. Brandon neither filed a motion nor noticed the issue for a hearing.

The court reconvened on November 28, 2022, for the scheduled hearing on Jaron's visitation motion and Brandon's motion to transfer the proceedings. At the outset, Brandon requested a continuance because his witness, the child's counselor, was unable to attend the hearing. Jaron stated that he had no objection other than the fact that, for the last month, he had been denied his visitation time. Concerned that its orders were not being followed, the court denied the motion for a continuance. Brandon then admitted that he had been withholding visitation, and he initially expressed a willingness to address his actions, but he subsequently argued that the matter was not before the court since neither a motion for a rule against him nor a motion to modify had been filed. The court agreed that the issue of contempt was not ripe, but the court stated that Brandon's failure to follow its visitation orders was relevant to whether the child would be removed from his custody and what the visitation orders would be going forward.

Brandon then presented testimony from himself, Jaron, Payton, and the child's great-grandmother. Ultimately, the court denied Brandon's motion to

transfer the proceedings, found that he had violated the court's November 4, 2022, order by withholding visitation without cause, and expanded Jaron and Payton's visitation. Brandon timely appealed to this Court.

## LEGAL ANALYSIS

Brandon first challenges the denial of his motion for a change of venue. Whether to grant a change of venue is within the circuit court's sound discretion, and its decision will not be disturbed "unless the facts clearly indicate an abuse of it." *Stipp v. St. Charles*, 291 S.W.3d 720, 723 (Ky. App. 2009). Brandon argues that the court violated Kentucky Revised Statute (KRS) 452.030 by denying his motion without first conducting a hearing.

KRS 452.030[1] provides:

> Application for a change of venue shall be made by verified motion of the party seeking a change to the court, in which the reasons and grounds for the change shall be stated. On any motion for change of venue the court shall have a hearing for the presentation of evidence and arguments for and against the motion. Either party may subpoena witnesses for the hearing on the motion. The granting of a change of venue shall be within the sound discretion of the court, and shall be granted by the court when justice so requires.

---

[1] This statute was amended effective April 12, 2024. 2024 Kentucky Laws Ch. 189, §2 (HB 804), eff. 4-12-24. In this Opinion we have quoted the version of the statute in effect at the time of the underlying proceedings, 1966 Kentucky Laws Ch. 229, §2, eff. 6-16-66.

The plain language of the statute seemingly supports Brandon's position. However, KRS 452.010 clarifies that the available grounds to seek a change of venue under this chapter are the consent of the parties or upon a party's claim that they cannot have a fair and impartial civil jury trial in the county to which the case is assigned. As neither provision is applicable herein, Brandon's assertion that the court erred by failing to comply with KRS 452.030 is without merit.

Next, Brandon contends that he was denied due process when the court both heard testimony regarding his noncompliance with the November 4, 2022, visitation order and found that he had violated its terms without giving him "proper notice of a contempt issue that was not even before the court." In support of this claim, Brandon states that the only issues before the court on November 28 were his motion to transfer venue and Jaron's motion to resume visitation, neither of which involved his compliance with court orders. Additionally, he notes that neither Jaron nor Payton complied with Kentucky Rules of Civil Procedure (CR) 7.02, which states that "an application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

Jaron admits that a motion for a rule was not filed, but he argues none was necessary since he did not request that Brandon be held in contempt. Alternatively, Jaron asserts that even if he had asked for Brandon to be held in contempt he complied with CR 7.02 by making the request during an evidentiary hearing.

We cannot agree with this latter proposition. In *Robinson v. Robinson*, 363 S.W.2d 111, 113 (Ky. 1962), the previous high court explained that "oral motions during the course of a trial or hearing[] means motions that are incidental to the trial or hearing itself[] and which arise in such a manner that the preparation of a written application is impracticable." Here, Jaron admits he knew of Brandon's noncompliance prior to the hearing, and so he was obligated under CR 7.02 to file a motion if he sought to hold Brandon in contempt. However, we also disagree with Brandon that his due process rights were violated.

Here, the Court unequivocally stated that it was not conducting a contempt hearing, and Brandon was not held in contempt or sanctioned. Plainly, if contempt was not contemplated then Brandon was not entitled to notice thereof. Moreover, we cannot accept Brandon's claim that his noncompliance with current visitation orders was not relevant to the court's resolution of Jaron's pending motion for increased visitation. Indeed, KRS 403.270(2)(d) identifies the motivation of the parties as a relevant factor when considering the best interest of a

child for the purposes of evaluating custody and visitation. Consequently, the court did not err in eliciting this testimony. Regardless, even if we were to agree the court erred in *sua sponte* addressing Brandon's noncompliance, we conclude any error is harmless since Brandon was able to fully present his defense, including having a witness present for this express purpose, and, moreover, he was not sanctioned. CR 61.01.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Ballard Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Heather L. Jones
Paducah, Kentucky

BRIEF FOR APPELLEE JARON SHAFER:

S. Scott Marcum
Paducah, Kentucky